Per Curiam.

The application is, to affirm the report of appraisers acting under the fifth section of the statute incorporating the Manhattan Company. The act directs, that “ in case of disagreement, &c. it shall be lawful for tho judges of the supreme court of this state, or any one of them, (not being an inhabitant of the said city,) upon the application of either party, to nominate and appoint three indifferent persons to view, examine and survey the said lands, &c. and to estimate the injury sustained as aforesaid, and to report thereupon without delay; and upon the coming in of such report, and the confirmation thereof by the said court, the Company shall pay the sum mentioned in the report,” &c. On the part of the Company, the first cause shown against confirming is, that the application to Mr. Justice Kent was made without due notice. The second, that one of the appraisers was interested, and, therefore, an improper person. The third, that the damages awarded are excessive. As to notice, it is not denied that it was necessary, though it is insisted that which was given was sufficient. The petition appears to have been served on the cashier,(a) and contains neither time when, nor place where, the application would be made to the judge. The notice, then, is altogether irregular. It wants the necessary requisites of time and place to enable the opposite party to attend and object to the appointment of appraisers, On the second point, the affidavit of the President shows, that *642 one of the persons nominated was interested; and this again proves the importance of notice, for had the [*510] Company appeared *they might have shown his interest, and hindered his appointment. This interest is not denied by the corporation; they merely urge that it is alleged at too late a period. As to the damages, an injury to the amount of 6,881 dollars is assessed on that which originally cost only 3,525 dollars. The corporation, it is true, say that the streets were much injured, but this ought to have been shown more satisfactorily, and is sufficient to send this matter for further investigation. A question, however, has been made, whether the Company can now avail themselves of these objections ? They must be at liberty so to do now, or they would be remediless. There was not any notice given them to attend before the judge; therefore, to him they could not state their objections. Nor could they have applied to the judge who granted the warrant, to make a further or other appointment, for under the words of the act, the judge cannot revoke his warrant. He, therefore, is functus officii. The only resource, then, is to this court They have no authority to interfere till this application is made to confirm, and then, the matter being before them, they may proceed on the objections taken. The report was returned on the last day of the last term, and from the manner in which the corporation have taken their rule, they seem to suppose it might now be opposed by showing cause. There can be. no ground, therefore, for imputing loches,' as the company have come forward at the earliest period they could, after the court was in possession of the cause by filing the report. But it is contended that the notice, though defective, was enough to put the Company on inquiry, and they ought to have applied to this court directly after service of the petition. The rule of practice in this court, as to defective notices, does not apply to this case. It is a special mode of proceeding under a particular act, and therefore, *643 not within our regulations as to defaults. The court are of opinion that the report be set aside.

 “If the head be not warned, (notified,) the body is not.” Agreed, Bro. tit. Corporation, pl. 6