## Bailey and Voorhees *against* Caldwell.

JOHNSON, for the defendant, moved to set aside the inquest taken by default in this cause, and all subsequent proceedings, and that the money levied on the execution and received from the defendant, should be refunded, with costs. The cause was noticed for trial at the last *April* sittings in *New-York*, and an inquest was taken by default in the cause, out of its order on the calendar, of which the defendant's attorney had no notice, until served with a copy of the costs, on the 16th of *May*, when he offered to pay the costs, if the plaintiff's attorney would

---

*Margin notes:*

ALBANY, August, 1808.

Bailey
v.
Caldwell.

An order of a judge to stay proceedings in a cause, and a certificate of probable cause, are the same in effect, and require the same practice as to the service of a notice of motion and copies of affidavits, in order to prevent further proceedings.

ALBANY,
August, 1808.

Bailey
v.
Caldwell.

waive the default. On the 17th of *May* he obtained a judge's order for the stay of all proceedings in the cause, until the 4th day of this term, on the usual affidavit of merits, and that the inquest was taken by default, out of its order. A copy of the order was duly served on the plaintiff's attorney on the same day, but was not accompanied with a notice of a motion to set aside the default at this term, or copies of the affidavits, which were not served until the 22d of *July*. The plaintiff's attorney proceeded and entered up judgment in the cause, and on the 27th of *May*, the defendant was taken in execution, and paid the amount of the debt and costs to the sheriff.

It was contended, on the part of the defendant, that the order of the judge on the 17th of *May*, being absolute, was sufficient to stay all proceedings, without being accompanied with the notice of a motion and copies of the affidavits; and that there is a distinction between an absolute order of a judge for the stay of proceedings, and the certificate of probable cause mentioned in the 4th rule of *January* term, 1799; that these certificates were introduced by that rule, instead of the former mode of obtaining a rule against the opposite party, to show cause at the next term why the proceedings should not be set aside, and did not prevent a judge from arresting all further proceedings in the cause, by an absolute order. That the authority of a judge to grant such orders at his chambers was well established.*

* 14 *Vin. Ab.*
581. *Judges* I.
in notes. 4
*Burr.* 2527. 2
*Hawk.* 6. 2
*Sellon's Pract.*
411. 462. 1
*Caines,* 148.
152.

*Sedgwick,* contra.

*Per Curiam.* The distinction stated between a judge's order to stay proceedings, and a certificate of probable cause, has never been made by the judges, who have, in practice, considered them the same, and have used either form indifferently. An order, in the form in which the one was granted in this cause,(a) has always been consi-

(a) The order was in the following form :

"C. & C. ⎫
    adsm. ⎬
    B. & V. ⎭ Let all proceedings in the above cause be stayed until the fourth day in the next *August* term of this court. *May* 17th, 1808."

dered as having the same effect as a certificate of probable cause, and as requiring the same practice, under the 4th rule of *January* term, 1799. The attorney of the plaintiff took the inquest in this cause at his peril ; and as there is the usual affidavit of merits, and no *laches* is to be imputed to the defendant, it must, with the subsequent proceedings, be set aside with costs. Let the rule be taken for that purpose, and that the plaintiffs refund and pay over to the defendant the money received on the execution, with the sheriff's fees and costs.