NEW YORK,
May, 1826.

Rosevelt
v.
Fulton.

---

ROSEVELT *against* FULTON, surviving executrix of
FULTON.

An order to
stay proceed-
ings with the
view to a non-
enumerated
matter, is not
operative, un-
less accompa-
nied with no-
tice of a mo-
tion by the
party or per-
son obtaining
it.
But though
notice of mo-
tion be not
given if the

THE last February term judgment was given for the
plaintiff upon a bill of exceptions taken by the defendant.
The plaintiff was proceeding to sell the goods of the testa-
tor, on the 6th of May, when an order of the recorder of
New York, dated May 5th, was served on the sheriff, reci-
ting that the defendant had lately died, that administration
had not been granted though application had been made
therefor, and directing that proceedings be stayed upon the
execution, till the last non enumerated day of this term ;
and until the further order of this court.   The order was
not served on the plaintiff nor was it followed by any no-

order be served on the sheriff to stay his proceeding upon an execution it will be vacated, on
motion, with costs ; though he may, at his peril, disregard it.

tice of a motion. The sheriff leclining to proceed in the sale,

*J. I. Roosevelt*, jun. now moved to vacate the order.

*C. D. Colden*, contra, read an affidavit stating that the testator's children were infants ; that Dale, the husband of the defendant, who is now dead, had been appointed their guardian; and had applied for letters of administration, with the will annexed of the testator's estate, against which the plaintiff had entered a caveat ; that Dale intended, on obtaining letters, to bring error; and the counsel moved for a rule to stay proceedings farther, in order that this might be done.

*Curia.* The motion to vacate the order must be granted. As to the plaintiff it was inoperative, both for want of being served, and because it was not followed with a notice of motion. It is well settled, that in the case of an order to stay proceedings with the view to a non-enumerated motion, this must be accompanied with a notice of the motion ; otherwise it does not stay the proceedings. (3 John. 451.) If this were not so, an order like the present would, in all cases, throw the burthen of a motion upon the party against whom it is taken. There is much more reason for holding the party to his notice in this case, than in that of enumerated motions. In these, each party is considered an actor as to the motion, and may get rid of the order in several ways ; as by noticing the motion, placing it on the calendar, and bring ing it to a hearing ; (1 Caines, 484, 5 ; 3 id. 151, 2 ;) or by getting the judge to discharge it ; (3 Caines, 106 ;) or by ap pealing to the court. (4 Cowen, 539.) Yet it has been holden that notice is necessary even in enumerated motions, within the 4th rule of January term, 1799. (1 Caines, 506.)

But though the plaintiff might have disregarded the order, even if it had been served upon him, it is not so as to the sheriff. He cannot know whether the matter is properly put in train for a motion or not. He may disregard a naked order, if he will rely on the assurance of the party that no notice of motion is given, or he may be indemnified against

NEW YORK, proceeding ; but the party should not be put to the embar
May, 1826. rassment of indemnifying him ; nor should he be required
Shooke to proceed in the face of an order to the contrary ; which,
v. for aught he knows, may be valid; and by violating which,
Phillips. he may be punished as for a contempt or a trespass.

The rule to vacate the order must be granted with costs, to be paid by Dale, who obtained the order.

Rule accordingly.