## SUPREME COURT.

### HEMPSTEAD agt. HEMPSTEAD.

"Subsequent pleading," in section 456 of the Code, means subsequent in the order of pleading. An amended complaint can not be called a subsequent pleading, when spoken of with reference to a previously served answer.

An order of a justice of this court, staying proceedings twenty days, when served with the affidavit on which it was granted, though unaccompanied by a notice of motion, can not be treated as a *nullity*. The proper remedy is by motion to vacate or set aside the order.

*Albany Special Term, July* 1852, *Motion to set aside judgment.* Place of trial Schoharie county. The complaint duly verified was served on 8th January 1852. February 12th, the answer, also verified, was served by mail. March 23d, complaint (amended in material parts), was served. The amended complaint was not verified, and was returned because it was not verified. The defendant treated the cause as at issue on the first pleadings and noticed the cause for trial. Plaintiff proceeded and entered up judgment for want of an answer to the amended complaint. Judgment was entered on 14th May 1852. On 8th May 1852, defendant's attorneys, on an affidavit, procured from Justice MULLETT an order staying the proceedings for twenty days, and on the 9th May served such order and a copy of the affidavit on which it was granted, by mail; but no notice of motion was served with the order. The plaintiff's attorney disregarded the order in entering judgment.

J. K. PORTER, *for Defendant,* contended, among other things, that the amended complaint was a subsequent pleading, within the meaning of section 156 of the Code, and ought to have been verified, in as much as the answer previously served, was verified.

J. H. REYNOLDS, *for Plaintiff.*

PARKER, Justice.—It was not necessary to verify the amended complaint. " Subsequent pleading" in section 156 of the Code, means subsequent in the order of pleading; not subsequent in time. It applies only to pleadings in answer to the pleading verified, or to those which follow in the order of pleading. The defendant ought, therefore, to have answered the amended plead-

ing; or, at least, to have notified the plaintiff's attorney, that he wished his answer already served to stand for an answer to the amended pleading, if the same was appropriate.

But the plaintiff was wrong in entering up judgment after he had been served with the order of Justice Mullett. That order stayed the proceedings twenty days, and was served with a copy of the affidavit on which it was granted. It was not, as it ought to have been, accompanied by a notice of motion. But I do not think it was therefore void and inoperative. It was irregular and would have been set aside on motion. A careful examination of the cases from which the impression has been derived that such an order is void, will not sustain the proposition (3 *John. Rep.* 451; Roosevelt vs. Fulton, 5 *Cowen*, 438; Chubbuck vs. Morrison, 6 *How. Pr. R.* 367). Roosevelt vs. Fulton was decided on a motion to vacate, and the question did not arise and it was unnecessary to say whether the order might have been disregarded; though in that case the party might safely have done so, for the order had not been served on him; it had been served only on the sheriff.

The parties have both been in fault; and the proceedings subsequent to the service of the amended complaint must all be set aside, without costs to either party, and the defendant must have twenty days after notice of this decision and a return to him of the amended complaint in which to answer it.