## SUPREME COURT.

### Thomas J. Lynch agt. Zerah Todd

The *receiving*, or *holding*, or *paying over* money as *stakes*, is not made *criminal;* nor is the *stakeholder* subjected to any *penalty* or *forfeiture* by the the statute against betting and gaming. He is only liable to a *civil action* for the recovery of the amount *received* by him, whether he shall have paid it over or not.

The statute makes it a *misdemeanor*, subject to a fine, against every person, on conviction, who shall *win* or *lose*, at play or by *betting*, at any time the sum of $25, or upwards, within the space of twenty-four hours.

It also makes the *winner* of any sum or value, by playing at any game, subject to a *forfeiture* of five times the value of the money, or other things won.

Where it does not appear from the complaint whether the defendant is sued as *winner* or *stakeholder*, but alleges that he received $50 contrary to the statute, &c., and the answer is a mere denial of the complaint, the defendant is bound to *verify* his answer—the complaint being verified; because, in the absence of any allegation in the pleadings that the act was *criminal*, the law would rather presume it to be innocent; that is, brought against a *stakeholder* and not against a winner.

Therefore the defendant would not be *privileged* from testifying to the truth of the matter denied, because his testimony would *not* have a tendency to implicate him in a crime, nor expose him to a penalty or forfeiture.

*Steuben Circuit and Special Term, May,* 1856.

MOTION to set aside judgment for irregularity.

The action was brought to recover money received by the defendant, contrary to the statute against betting and gaming. The complaint alleges that the defendant received of the plaintiff $50 contrary to the provisions of the statute, but does not specify whether it was received by the defendant as winner or as stakeholder. The complaint was verified.

The defendant served his answer, which was a mere denial of the complaint, without verifying it.

The plaintiff's attorney returned the answer as irregular, and entered his judgment as in default of an answer, which the defendant now moves to set aside, on the complaint and answer, served, and affidavit showing the time of service of such complaint and answer.

> HENRY M. HYDE, *for motion.*
> GEO. B. BRADLY, *opposed.*

JOHNSON, Justice. The statute against betting and gaming, (1 *R. S.* 662,) makes every person who shall win or lose at play, or by betting at any time, the sum of twenty-five dollars or upwards, within the space of twenty-four hours, guilty of a misdemeanor, and subject, on conviction, to a fine of not less than five times the amount so lost or won. It also makes the winner of any sum or value, by playing at any game, subject to a forfeiture of five times the value of the money, or other thing, won at a single sitting, to be recovered by the overseers of the poor.

The act also gives to the person who shall pay, deliver, or deposit any money or property upon the event of any wager or bet, a right of action to recover the same against the winner and against the stakeholder. But the receiving, or holding, or paying over the stakes, is not made criminal, nor is the stakeholder subjected to any penalty or forfeiture by the act. He is only liable to a civil action for the recovery of the amount received by him, whether he shall have paid it over or not.

Lynch agt. Todd.

It does not appear, from the complaint, whether the defendant is sued as winner or stakeholder; nor is it shown by the answer, which is a mere denial of the complaint.

The form of action, to recover the money paid or deposited, would be the same in either case, and no presumption arises from the pleadings, that the action is brought against the defendant for receiving the money as winner. In the absence of any allegation of a criminal act, the law would rather presume it to be innocent; as it was either innocent or criminal, according to the character in which the money was received by the defendant. As the complaint was verified, the plaintiff was entitled to a verified answer, unless the defendant was privileged from testifying as a witness to the truth of the matter denied. (*Sess. Laws of* 1854, *chap.* 75.) As a witness, he would be privileged only where his testimony would have a tendency to implicate him in a crime, or would expose him to a penalty or forfeiture; and this, as has been seen, does not extend to a mere stakeholder.

There being no presumption of privilege in the defendant's favor, it was for him to show its existence affirmatively, and thus bring himself within the exception. Where the error does not appear upon the record, it lies with the party alleging it to show it by proof *aliunde*.

*Prima facie*, the answer, without verification, was irregular, and the plaintiff's attorney had the right to return it. But if, from some cause not appearing upon the face of the pleadings, the defendant had the right to put it in that form, that should have been shown by affidavit, and the motion founded upon it.

As nothing is shown to bring the defendant's answer within the exception, the general rule must prevail, and the judgment be held regular. It would be different had the complaint alleged, that the defendant won the money, and received it in that character.

Motion denied.

Note.—This case was accidentally mislaid soon after its receipt last summer, (1856,) and was only discovered a few days since. It is proper to state the fact, as an explanation due to Judge Johnson.—[Reporter.]