Pitshke, J.
Plaintiff moves for final judgment on the defendant’s alleged failure to serve an amended answer.
The original pleadings were a verified complaint and a duly verified answer, served September 6,1887. In February, 1888, plaintiff’s attorney (without procuring any order allowing it) transmitted an amended complaint to the defendant’s attorney herein, which was not verified. The want of verification of the same constituted no objection, however, as it was not a “ subsequent pleading ” within the meaning of section 523, Code Civ. Pro. (Hempstead v. Hempstead, 7 How. Pr. 8.)
It appeared upon this motion that, within six days after receiving sncli amended complaint, the defendant’s attorney placed a copy of defendant’s own amended answer (unin *216 closed in any wrapper), through a slit or opening for letters, then in the closed door of the office of plaintiff’s attorney, i uto a receptacle attached to such door on the inside.for receiving letters during the attorney’s absence, and that the plaintiff’s attorney claimed the same was improperly served, and had returned it at once; and plaintiff now applies to the court for judgment thereon as for a default-in answering.
The objection to the service is, that the copy, so left as above stated, was not inclosed in a wrapper. The Code Civ. Pro., §§ 796, 797, provides, with respect to serving papers in an action, other than process, that where the service is not through the post office, and is not made during the adverse attorney’s absence from his office upon a partner or clerk therein, or person in charge thereof, the service may, between six o’clock a. m. and nine o’clock p. m., be made either by leaving the paper in a conspicuous place in such office or by depositing it (enclosed in a sealed wrapper) in such attorney’s “ office letter box and it is only where no office letter box exists and the office is not so open as to admit of leaving such paper therein, that the paper may be served and left at such attorney’s residence. In construing the different sub-divisions of this section 797, the same must be read and taken together ; and it is plain that there can be no service at an attorney’s residence, if his office (with a letter receiver inside the door) is so open as to admit leaving a paper therein, and then it must be left in some conspicuous spot within such office; and thence it follows that the deposit in the “ office letter box ” can only legally occur where such office is not so far open ; and, therefore, the letter box intended in section 797, and referred to therein, is his letter box in the building outside of the attorney’s office.
The copy pleading in question went through the slit into the attorney’s office and was left in a receptacle therein, which certainly was a conspicuous place in the same, for it was there that examination would be surely made for written matter arrived during the attorney’s absence, and it is the spot *217 designated within the office for placing such matter (Livingston v. McIntyre, 1 How. Pr. 253).
This view of Code, § 797, harmonizes all parts of the section, and if the paper cannot be gotten into such office to a conspicuous place therein, it may be deposited, properly enclosed, in the attorney’s letter-box, at the premises, outside his office, and if there be nonesuch, then the service can be made at the residence of such attorney.
The amended answer herein was, therefore, properly served: but, nevertheless, it was rightfully disregarded and returned by the plaintiff’s attorney, inasmuch as it was no pleading in the cause on its face, for not emanating from the defendant’s attorney, and being unsubscribed by the latter (Code, § 520).
This defect does, however, not entitle the plaintiff to judgment herein. His amendment of the complaint was not made as prescribed in section 542, Code Civ. Pro., but after his right to amend “ of course ” was lost to plaintiff; and the -alteration of the original complaint by amendment could only happen by virtue of an order obtained allowing it (§ 727; Follower v. Laughlin, 12 Abb. Pr. 106). The attempted ■amendment of the plaintiff’s complaint was simply a nullity •(Allen v. Compton, 8 How. Pr. 251); and a failure to plead thereto is of no consequence (Kelly v. Sheehan, 76 N. Y. 325; Robertson v. Robertson, 9 Daly, 44, 52). It has since been returned to plaintiff’s attorney as served too late, and notwithstanding, the plaintiff thereupon sent it to defendant •again, by mail.
This cause, therefore, remains at issue on the original •complaint and original answer; and the aforementioned .amended complaint and amended answer must be stricken •out and the pleadings herein thus restored to their respective •original form. And under the circumstances, the plaintiff .-should now have leave (by order), if so advised, to put in an amended complaint on payment, within three days, of $10 motion costs unto the defendant. The motion for judgment is denied.
*218 II. General Term,/ March, 1888.
From the judgment of the special term, denying his-motion for judgment, the plaintiff appealed to the general term.
William, H. Mundy, for appellant.
E. A. Monfort, for respondent.
By the Court.*
The record discloses irregularities in practice throughout the entire case. The amended complaint was served without leave of the court, and after the time to amend as of course had gone by, but the defendant accepted the service, retained the paper, and treated it as properly served, and in this way waived any irregularity in the service. The defendant undertook to answer the amended pleading, but his answer thereto was defective, because not subscribed by the defendant’s attorney. It was-properly returned for this reason, if for no other.. Under the circumstances the court below ought to have granted the plaintiff’s motion for judgment, either absolutely or unless within six days the defendant served a new answer properly subscribed. There was no motion made below to-strike out the amended complaint, and the court should not have stricken it out under the circumstances.
It is unnecessary for us to decide whether the peculiar mode of service of the answer to the amended complaint was sufficient or not, as the answer itself was defective in form and was, as before remarked, properly returned for that reason, if no other.
The plaintiff has been very technical, and in view of the fact that he served an amended complaint, without *219 leave, and that the service thereof was made good only by the generosity of the defendant’s conduct, he ought to have-overlooked any little shortcomings in his adversary’s practice. We have, therefore, concluded to reverse the order appealed from, and to permit the defendant to serve an answer (in proper form) to the amended complaint, within six days after the service of the order, to be entered on this decision,, and under the circumstances the reversal will be without costs to either party as against the other. Settle order before Chief Justice McAdam, and it is hoped that in the future the parties may regulate themselves so as to avoid motions-which a more rigid adherence to the rules of practice will render unnecessary.
Judgment accordingly.

 Me Ad am, Oh. J., Browse and Ehrlich, JJ.