Pitshke, J.
Plaintiff moves, for final judgment on the defendant’s alleged failure to serve an amended answer.
The original pleadings were a verified complaint and a duly verified answer, served September 6, 1887. In February, 1888, plaintiff’s attorney (without procuring any order allowing it), transmitted an amended complaint to the defendant’s attorney herein, which was not verified. The want of verification of the same constituted no objection, however, as it was not a “subsequent pleading” within the meaning of section 523, Code Civil Procedure. Hempstead v. Hempstead, 7 How. Pr., 8.
It appeared upon this motion that, within six days after receiving such amended complaint, the defendant’s attorney placed a copy of defendant’s own amended answer (uninclosed in any wrapper), through a slit or opening for letters then in the closed door of the office of plaintiff’s attorney, into a receptacle attached to such door on the inside for receiving letters during the attorney’s absence, and that the plaintiff’s attorney claimed the same was improperly served and had returned it at once; and plaintiff now applies to the court for judgment thereon as for a default in answering.
The objection to the service is, that the copy, so left as above stated, was, not enclosed in a wrapper. The Code Civil Procedure, §§ 796, 797, provides, with respect to serving papers in an action, other than process, that where the *753 service is not through the post-office and is not made during the adverse attorney’s absence from his office upon a partner or clerk therein, or person in charge thereof, the service may, between six o’clock, a. m., and nine o’clock, p. m., be made either by leaving the paper in a conspicuous place in such office or by depositing (enclosed in a sealed wrapper), in such attorney’s “office letter-box;” and it is only where no office letter-box exists and the office is not so open as to admit of leaving such paper therein, that the paper may be served and left at such attorney’s residence.
In construing the different subdivisions of section 797, the same must be read and taken together; and it is plain that, there can be no service at an attorney’s residence, if his office (with a letter receiver inside the door) is so open as to admit leaving a paper therein, and then it must be left in some conspicuous spot within such office; and thence it follows that the deposit in the “office letter-box” can only legally occur where such office is not so far open; and, therefore, the letter-box intended in section 797 and referred to therein is his letter-box in the building outside of the attorney’s office.
The copy'pleading in question went through the slit into the attorney’s office and was left in a receptacle therein, which certainly was a conspicuous place in the same, for it was there that examination would be surely made for written matter arrived during the attorney’s absence, and it is the spot designated within the office for placing such matter. Livingston v. McIntyre, 1 How., 253.
This view of Code, section 797, harmonizes all parts of the section, and if the paper cannot be gotten into such office to a conspicuous place therein, it may be deposited, properly enclosed, in the attorney’s letter-box, at the premises, outside his office, and if there be none such, then the service can be made at the residence of such attorney.
. The amended answer herein was, therefore, properly served; but, nevertheless, it was rightfully disregarded and returned by the plaintiff’s attorney, inasmuch as it was no pleading in the cause on its face, for not emanating from defendant’s attorney and being unsubscribed by the latter. Code, § 520.
This defect does, however, not entitle the plaintiff to judgment herein. His amendment of the complaint was not made as prescribed in section 542, Code Civil Procedure, but after his right to amend “of course ” was lost to plaintiff, and the alteration of the original complaint by amendment could only happen by virtue of an order obtained allowing it Section 727; Follower v. Laughlin, 12 Abb., 105 The attempted amendment of the plaintiff’s com *754 plaint was simply a nullity (8 How., 251), and a failure to plead thereto is of no consequence. Kelly v. Sheehan, 76 N. Y.. 325; Robertson v. Robertson, 9 Daly, 52. It has since been returned to plaintiff’s attorney as served too late, and notwithstanding the plaintiff thereupon sent it to defendant again, by mail.
This cause, therefore, remains at issue on the original complaint and original answer; and the aforementioned amended complaint and amended answer must be stricken out and the pleadings herein thus restored to their respective original form. And, under the circumstances, the plaintiff should now have leave (by order), if so advised, to put in an amended complaint on payment, within three days, of ten dollars motion costs unto the defendant. The motion for judgment is denied.