Per Curiam,.

In the case of Cope against Marshall,* the court refused to allow an amendment which alleged a siew cause of action, and it was observed, that the amendments in the cases of Bearcroft v. the Hundreds of Burnham & Stone,† and of the Dutchess of Marlborough against Wigmore,‡ cited for the plaintiff, were allowed under very peculiar circumstances, as in each case, the statute of limitations would have been a bar to a new suit. It was further observed, that the amendment would be against the general rule of law, that after an action has been commenced for two terms, an amendment amounting to a new count is not permitted.* In the case of Goff v. Poppinwell,† the court of K. B. refused an amendment to a declaration, where the cause had been pending four years. In the present case, the statute of limitations has not run out; considering that the plaintiff has once brought his cause to trial on the merits, and has discontinued and commenced a new suit, and has four times noticed his cause for trial, we think it would be unreasonable, and beyond precedents, to allow so great an amendment as is prayed for in the present case, (a) Rule refused.

 Sayer, 234.

 Levinz, 347

 Fitz 193

 1 Wilson, 149.

 2 Term, 705

 An amendment of a narr. in slander will be allowed after issue, especially as otherwise the action will be lost by the runniug of the statute : 1 Wend. 93.
Under a rule to amend, the name of a person not arrested cannot be indicted in the declaration'.. Wend. Rep. 71. After verdict, a declara'* tion may be amended on terms to conform to proof. Ib. 72.