168          NEW-YORK PRACTICE REPORTS.

The Troy and Boston Railroad Company agt. Tibbits.

## SUPREME COURT.

### The Troy & Boston Railroad Company agt. George M. Tibbits.

There is now no restriction upon the power of the court, before trial, to allow amendments to pleadings, even though the effect be to change entirely the whole cause of action, or the grounds of defence. It is only when a party seeks to amend his pleadings *after trial,* that the court are prohibited from allowing an amendment that would substantially change the cause of action or the defence. (*Code,* § 173; 7 *How. Pr. R.* 294.)

But where a trial has been had, and subsequently set aside, and a new trial ordered, the court has the same power to allow the parties to amend their pleadings as though the action had never been tried.

Where the verdict and judgment of the plaintiffs, at the circuit, were set aside by the general term, and a new trial ordered, with an extra allowance of $100 to the defendant upon the trial,

*Held,* that the *terms* upon which the plaintiffs were entitled to amend their complaint, by changing substantially the ground of their action, should be, the payment of the costs of the defence to the present time to be taxed, and the costs of opposing the motion; but not the $100 extra allowance.

The extra allowance is only authorized upon recovery of a judgment. The judgment in this case had already been set aside.

*Albany Special Term, April,* 1855.

Motion to amend complaint.

On the first of May, 1849, the defendant, with sundry other persons, signed an instrument whereby, after reciting that the legislature had passed an act to determine the public utility of a railroad from the city of Troy to the easterly line of the county of Rensselaer, and to authorize the organization of a corporation for that purpose, they agreed to take the amount of stock placed opposite their respective names, upon certain conditions therein specified. The amount thus subscribed by the defendant was $20,000.

The defendant, and other persons who had signed the instrument, in November following, executed the necessary articles of association, for the purpose of becoming incorporated under

the general railroad act. The stock subscribed by the defend-
ant, upon executing these articles, was fifteen shares of $100
each.

The company having been duly organized and incorporated,
the defendant paid the full amount of his last subscription, but
refused to pay the calls made by the directors for the subscrip-
tion of May, 1849. This action was brought to recover that
amount.

In their complaint, the plaintiffs, after stating the facts above
set forth, claimed that, by virtue of the instrument executed in
May, 1849, the defendant became liable to pay the several
calls which had been made for the payment of his subscription
of $20,000. Upon the trial of the action, it was held, that the
plaintiffs were entitled to recover against the defendant the
amount of his subscription made in May, 1849. The judgment
rendered against the defendant at the circuit was reversed, upon
appeal to the general term, and a new trial awarded.

The plaintiffs now moved to amend their complaint, by add-
ing an allegation that the subscription for $20,000 was made
with the intent, on the part of the defendant, and others who
executed the instrument, that it should be delivered to the
commissioners for opening books of subscription under the 5th
section of the general railroad act; and that, when so delivered,
it should be received as a subscription to the capital stock of
the plaintiffs, with the same effect as if signed after the books
were opened. That after the plaintiffs became incorporated,
the instrument signed by the defendant was delivered to the
commissioners, by the consent of the defendant, and was, with
his consent, received and acted upon by the commissioners, as
a subscription by him for $20,000 of the capital stock of the
plaintiffs. That other persons acted upon it, and subscribed to
the capital stock of the plaintiffs with the knowledge of the
defendant, believing that the defendant was a subscriber for
$20,000 of the stock; and that the book containing this sub-
scription was, with the consent of the defendant, delivered to
the plaintiffs, and accepted and received by them as a subscrip-
tion to the capital stock made by him after they were incorpo-

rated; and that the defendant, being a director, concurred with the other directors in acting upon the subscription as a valid subscription to the capital stock of the plaintiffs, and in treating it as a subscription made, executed, and delivered after the plaintiffs were incorporated; and that the plaintiffs commenced their road, and expended large sums of money, relying upon the subscriptions of May, 1849; and that other subscribers for stock have been induced to act on the subscription, believing it to be valid.

Other amendments were proposed, to adapt the complaint to this theory of the case. Affidavits were read in opposition to the motion, denying the truth of the allegations proposed to be inserted in the complaint.

A. B. OLIN, *for plaintiffs*.

W. A. BEACH, *for defendant*.

HARRIS, Justice. I regard it as very much a matter of course to allow any party to shape his own pleadings to suit himself, and for that purpose to permit him, at any time before trial, to amend his pleadings so as to present his own views of the questions to be litigated, upon such terms as may be deemed equitable. There is now no restriction upon the power of the court to allow such amendments, even though the effect be to change entirely the whole cause of action, or the grounds of defence. It is only when a party seeks to amend his pleadings after trial, that the court is prohibited from allowing an amendment which would substantially change the cause of action or the defence. (*See Code*, § 173; *Beardsley* agt. *Stover*, 7 *Howard*, 294.)

In this case, though there has been a trial, yet as that trial has been set aside, and a new trial ordered, the court has the same power to allow the parties to amend their pleadings as though the action had never been tried. And, besides, though it is proposed by the amendments to present a very different question for litigation, yet the subject matter of the action will be the same. The same transaction will yet be the foundation

The Troy and Boston Railroad Company agt. Tibbits

of the action. The theory of the plaintiffs' case will be changed, but the claim itself will remain substantially the same.

Under these circumstances, I think the motion should be granted.

It remains to inquire what should be the terms upon which the amendment should be allowed. The defendant has, thus far, been successful in the action. He has the judgment of the court in his favor, upon the issue which the plaintiffs chose to tender him for trial, now the plaintiffs seek to change their ground, and to litigate a new question with him, in respect to the same subject matter. New issues will be made. A new line of defence will be required.

As the matter now stands, the defendant is entitled to the costs of a successful defence. It would be obviously unjust to deprive him of this advantage, by allowing the plaintiffs to change entirely the ground of their action. The plaintiffs should, therefore, as a condition upon which the amendment should be allowed, be required to pay the costs of the defence to the present time to be taxed, and the costs of opposing this motion. An extra allowance of $100 was made to the defendant upon the trial, but I do not think it can properly be included in the costs to be allowed upon granting this application. The extra allowance is only authorized upon the recovery of a judgment. Here the judgment has already been set aside. In this respect, the case is distinguishable from that of *Ellsworth* agt. *Gooding*, (8 *How.* 1.) In that case the application was for a new trial. The plaintiff had recovered a judgment—an extra allowance had been made, and this had become a part of the judgment. The question before the court was, upon what terms the judgment should be vacated and a new trial ordered. It was quite competent for the court, in such a case, to require the payment of all the costs, including the extra allowance, as a condition of granting the motion. But in this case a motion for a new trial has already been granted. The order for an extra allowance has become inoperative. It would, therefore, be improper, to say the least, to

make the payment of such allowance a condition of granting leave to amend.

As a further condition of granting this motion, the plaintiffs should be required to stipulate, if desired by the defendant, that the cause may be placed upon the calendar, and, if the issues shall be completed in season, that it may be tried, at the ensuing circuit, in the county where the venue is laid.