What is to be exchanged? Who is to make the exchange? When is the exchange to be made?—Even a diligent or observing person might be excused if he failed to perceive this memorandum at the bottom, after he had read the body of the paper, which expressly engages that he is entitled to the passage for which he had applied. There was nothing to call the attention of Heine to the memorandum. It does not purport to form any part of the contract, and is too indefinite to be the ground of a charge of folly against the deluded applicant for a passage, or as a defence for the artful instigator of the fraud and deceit.

The request of Gilbert to Heine, after he had paid his money, and was about leaving the office, to come the next day to be conducted to the steamer, does not help the prisoner's case. Heine did call the next day, and there was no evidence of any preparation to take him to any steamer, and no one suggested, that the steamer had left, or that he had come too late.

The refusal of the court to charge as requested was fully warranted, and the exception last mentioned, like the former ones, was not well taken.

The judgment of the court of oyer and terminer must be affirmed.

---

## SUPREME COURT.

### THE UNION BANK agt. GARRITT S. MOTT and others.

*Referees* have no power to allow *amendments* to pleadings, under § 173 of the Code. Their power of amendment is confined to immaterial variances arising on the trial, under §§ 169 and 170 of the Code.

*New - York Special Term, March,* 1860.

MOTION to set aside order of referee allowing amendment to complaint.

Union Bank agt. Mott.

SAMUEL A. FOOT, *for plaintiff.*
D. DUDLEY FIELD, *for defendants.*

ALLEN, Justice. By § 272 of the Code of Procedure, referees have the same power to allow amendments to any pleadings, as the court upon such trial. Mistakes in pleading and amendments are regulated and provided for in Chapter 6 of the 2d Part of the Code. Sections 169 to 173, inclusive, are more particularly applicable here. Section 169 declares that no variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defence upon the merits, and governs referees as well as courts whenever questions of variance arise.

Section 170 authorizes the court, when the variance is not material, to direct the fact to be found according to the evidence, or to order an immediate amendment without costs.

This is the only provision I find in the Code authorizing an amendment of the pleadings by the court upon the trial, and this is to remedy an immaterial variance; and my opinion is, that the discretion and power of the referee, in regard to amendments, are restricted to cases within this provision, and that it was not the intent of the legislature to confer upon referees power to do what the court may do upon or after judgment, in furtherance of justice, under § 173.

The issues of fact already joined are sent to referees for trial, and *non-constat* that the parties would have consented, or the the court have ordered a reference of other and different issues; and hence, while it was proper and convenient that immaterial variances, which the referee was bound to disregard, should be obviated by immediate amendment, there was no necessity of giving to the referee all power and discretion over the pleadings in the action.

He should have every facility for trying, upon the merits, the issues substantially joined by the parties.

By § 272, therefore, the power of the referee is defined and

limited by reference to the power of the court in like cases upon the trial, and that power is conferred by § 170.

This was not the case of a variance between the pleadings and proof, but, as was properly decided by the referee, the case of an entire omission of the principal cause of action, the plaintiff's claim, consisting of two distinct causes, or demands, the one originating in dealings of the defendants with the plaintiff, and the other in similar dealings of the defendants with a third party, to whose rights and claims the plaintiff had succeeded.

Under the complaint the plaintiff was not entitled to recover for the latter claim, as the referee correctly decided, and an amendment was necessary by adding a second count, and this was allowed by the referee.

This order was not warranted by the Code, and must be set aside, and the referee restricted to the trial of the issues referred.

If it be conceded that the referee may exercise the powers conferred upon the court by § 173, still the order for this amendment is not warranted by it, so far as applicable to this case. That section permits the court, "before or after judgment, in furtherance of justice, and on such terms as may be proper to amend any pleading," by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved.

The allegations proposed to be inserted in the complaint were not "material to the case," that is, as to the case made, or attempted to be made, by the original complaint, but were necessary to make a new and distinct case. The amendment was not, therefore, within that clause of the section, and was forbidden under the other, as it is confessedly within the ruling of the referee, and clearly upon every principle did change, substantially, the claim of the plaintiff.

It was not a case for conforming the pleading to the facts proved.

Amendments upon trials should be cautiously made, and

care should be taken that the interests of the other parties are not jeoparded by them; and I do not think an amendment of this character, without terms or conditions, was discreet, if the power to authorize it be conceded; but, as the exercise of a discretion vested in the referee, it would not be the subject of review except it were grossly abused, and this could not be predicated of any act of the learned referee here, and I rest my decision solely on the ground of a want of power in the referee.

I presume this is a very proper case for the court to interfere and allow the amendment asked, upon such terms and conditions as shall seem to be proper,—and what those terms and conditions shall be, can only be determined after a case shall be made, requiring or justifying an amendment, and the parties shall be heard.

The order must be set aside without costs, and the plaintiff must have leave to apply, by motion, to this court to amend the complaint, and the proceedings on the reference may be stayed, to allow the motion to be heard.

# NEW-YORK COMMON PLEAS.

## SORLEY, SMITH and others agt. BREWER & CALDWELL.

An action pending between the same parties in another court, not identical with the present, although relating to the same subject matter in part, but upon different facts and circumstances, and not involving only the same question, is no ground for *staying proceedings* in the present action until the determination of the action in that court, especially where the present action was commenced first.

*New - York Special Term, February,* 1860.

MOTION by defendants to stay the plaintiffs' proceedings in this action, until the determination of an action pending in the superior court between the same parties.