Monell, J.
"When this case was before me at special term, I entertained the opinion, and so held, that by recent amendments of the Code, referees possess all the powers of the court in granting amendments of pleadings; and that the referee in this case, having- denied the application made to him to amend the answer, his decision, if reviewable at all, could only be reviewed on .appeal from the judgment. A more careful examination of the subject, since the argument of this appeal,' has confirmed my opinion.
The power of the" court to allow amendments to pleadings has not been enlarged by the -Code. The act concerning *622 amendments and jeofails, passed in 1788, and incorporated, into the revised laws of 1813, (1 R. L. 117,) gave the same general power; and the Revised Statutes, (2 R. S. 441, § 1,) allowed amendments, either in form or substance, for the furtherance of justice. The 173d section of the Code, is not more comprehensive than either of the statutes referred to; and the only part of the section which it is claimed enlarges the power, is in allowing other allegations,. “ material to the case,” to be inserted. (Beardsley v. Stover, 7 How. Pr. 294.)
Neither at common law, nor under any .of the previous statutes, did the courts ever claim the power to allow an amendment to an existing pleading, by the insertion of a new and different cause of action or defense. (Sackett v. Thompson, 2 John. 206. Heneshoff v. Miller, Id. 295. Trinder v. Durant, 5 Wend. 72. Williams v. Cooper, 1 Hill, 637.) In Trinder v. Durant, it is said that the Revised Statutes, which in broad terms give the power, were not intended to change the practice which before was usual as to amendments. Under the' Code, however, in a few cases, it had been held that the court has power to allow as an amendment, the insertion of a new cause of action. (Beardsley v. Stover, sup. Troy and Boston Railroad Co. v. Tibbits, 11 How. Pr. 168. Union Bank v. Mott, 11 Abb. 42.)
The clause of the Code which allows an amendment, “ by inserting other allegations material to the ease,” does not, in my opinion, extend the power over amendments setting forth a new cause of action or .defense. What is the “ case ?” Is it not the facts stated in the pleading, as constituting the cause of action or defense ? Clearly it is. Then the allegations proposed to be inserted, must be material to the “ ease ” already made; and not merely material to another and wholly different case. An amendment is the correction of some error or mistake in a pleading already before the court, and there must, therefore, be something to amend by; whereas, the insertion of facts constituting a new cause of action or defense would be a *623 substituted pleading, and not an amendment of an existing pleading.
The cases referred to, furnish no satisfactory reason for hdlding such an amendment to be within the power'of the court to grant. In two of the cases, (Troy and Boston Railroad Company v. Tibbits, and Union Bank v. Mott,) it is in effect merely assumed that the court has the power; in the other .case, (Beardsley v. Stover,) a criticism is attempted on the above section of the Code, which it was thought would aid in interpreting the statute, and cover the point decided. The amendment of that section in 1851, added the w-ords to the last clause “when the amendment does not change substantially the claim or defenseand it was said, that such amendment was restricted to the power to conform the pleadings to the facts proved. The limitation in the last clause to amendments which do not change the claim or defense, neither in terms, nor by implication, enlarges the power as to other amendments; and as there is nothing in the section increasing the power beyond that which had previously been exercised by the court, the decisions prior to the Code should prevail. This is expressly recognized in Corning v. Corning, (6 N. Y. Rep. 97, 105;) Walter v. Bennet, (16 id. 250;) Whitcomb v. Hungerford, (42 Barb. 177;) Davis v. Mayor, &c. of New York, (14 N. Y. Rep. 506.) In the last case, the power to amend is discussed, and it was held, that the court has not the power to add new parties.
It is provided by the statute that referees “ shall have the same power to grant adjournments, and to allow amendments to any pleading, * * * as the court upon such trial, upon the same terms and with the like effect.” (Code, § 272.) A distinction has been attempted to be drawn between the powers.of the court while sitting in different branches of the same tribunal; and it is said that a judge at the trial, has not the same power to grant amendments, as is possessed by the court. (Cases cited supra; and per Gray, J., Everett v. Vendryes, 19 N. Y. Rep. 439.) The *624 Oode ■ makes no such distinction; nor can there be such a distinction under the present organization of the courts. The 173d section gives the power of amendment to '■‘■the court.” It does not mean the court sitting in hanlc, or'at special term, but the court however constituted, while exercising any functions as a court. Has it ever been doubted that a judge sitting at nisi prius may allow an amendment of a pleading? I think not. Tet the Code gives power to the court only, and not to the judge. Has a judge, at a special term held for hearing motions, any greater power than a judge at a special term for the trial of actions with a jury? Certainly not. All issues are triable at a special term, either with or without a jury; and in either case the same general functions are exercised. A court requires merely the presence , of a competent number of judges, and a clerk; that constitutes the judex or incorporeal being called a court. It is well settled that unless the statute in conferring a power makes a distinction between the powers of a judge and the court, no distinction can exist. (Smeeton v. Collier, 1 Exch. Rep. 459.) All the powers of the court may be exercised by a single judge while sitting as a court, except where the power is confined to the court as a collective body. A single judge may hold a circuit or special term. He can preserve order, punish contempts, hear and decide cases. He does this under the power given to the court, and not to him as a judge thereof. And all statutes conferring jurisdiction, give it to the court, and not to the members composing the tribunal. In the cases referred to, the question is rather assumed than considered.
In Woodruff v. Hurson, it was held that the amendment contemplated a new defense pro tanto, and was not allowable. Everett v. Vendryes was put on the same ground; and the remark of the judge that the application to amend “at the trial,” was properly denied, amounts to nothing. \
In N. Y. Marbled Iron Works v. Smith, (4 Duer, 362,) it was *625 doubted if the court had the power to allow an amendment at the trial, letting in an entirely new defense. But the point was not decided, as the court held that the granting or refusing leave was discretionary, and not the subject of an exception. And in Robbins v. Richardson, (2 Bosw. 248,) a similar doubt is suggested. In none of these cases, or any of the cases I have found, with a single exception, is any reason furnished for the supposed distinction; and the suggestion or doubt thrown out was not necessary for the decision of that case.
It is enough that the court may amend any pleading; and that the power is not limited to any branch or part of the tribunal. Convenience may require the adoption of a practice designating the place where all applications to the court may be made. But the statute makes no such designation ; nor does it make any distinction in the power, or the right to exercise it between the different branches of the court.
In the case of The Union Bank v. Mott, (18 How. Pr. 506,) the learned justice, who decided that case at special term, was of the opinion that the 170th section of the Code, alone, gave power to allow amendments at the trial. That section, in conjunction with the one immediately preceding it, has reference to variances between the pleadings and proofs, and authorizes the court to direct the facts to be found according to the evidence, (in other words to disregard an immaterial variance,) or, to order an immediate amendment of the pleading. Nothing is said in either section about this being done at the trial, and although questions of variance will naturally, and perhaps exclusively, arise on the trial, there is nothing, that I can find, to prevent the court from allowing an amendment under that section, at any other time. Besides, the power to conform the pleadings to the facts proved, under section 173, must usually be exercised at the trial. In Cayuga County Bank v. Warden, (2 Seld. 19, 27,) an amendment at the trial under section 149, now section 173, of the Code was sustained. *626 And in Davis v. The Mayor, &c. of New York, (supra,) the amendment was made at' the trial, under section 173, and was disallowed only because there was no power to add parties.
In view of all these sections, therefore, there is not, in my opinion, any doubt, that as regards the allowance of amendments of pleadings, a judge presiding at the trial of a cause with a jury, possesses all the powers of the court, and can allow them in the same manner and with the like effect as .the court, sitting in any other organized form. If I am correct in this, then the words used in the 272d section, giving to referees the same power, “ as the court upon such trial,” would seem to be unnecessary, inasmuch as the court has no other, greater or less power “ upon the trial,” in respect to amendments, than at special term, or. in bank, or otherwise.
Referees are no longer officers of, or under the control of, the court. They become by appointment an independent tribunal, ■ having such powers as are given by statute, and their decisions are reviewable only on appeal from their judgments.
The legislature has from time to time increased the power, and added to the dignity of this tribunal; and it was the plain intention of the legislature, it seems to me, that it should possess-all the powers, and exercise all the functions of a court, independently, and without accountability to any other tribunal; and that its decisions should be subject to review only on appeal.
In this view, notwithstanding the peculiarity of the language of the 272d section, I am of the opinion that referees now possess all the powers of the court; and their allowance or disallowance of an amendment can only be reviewed, if reviewable at all, in the manner other decisions are reviewed, on appeal. •
I am in favor, therefore, of affirming the order, but without costs to either party, as the question is new,
*627 The effect of this affirmance will leave the appellant at liberty to renew his motion to the referee, under this exposition of his power to allow the amendment.
Garvin, J'. concurred.