## N. Y. SUPERIOR COURT.

A. HOCHSTETTER, plaintiff, agt. SOLOMON ISAACS, defendant.

Where the allowance or disallowance of a proposed *amendment* to a pleading, is in the discretion of the *referee*, the exercise of that discretion, even if reviewable on appeal, will not be interfered with by the court on motion. But where the referee either has no power, or refuses to interfere because of a supposed want of power, the trial may be suspended and a motion made to the court at special term for such purpose.

*Special Term, February*, 1873.

MOTION for leave to amend answer during the pendency of a reference to determine the issues.

FREEDMAN, *J.*—Referees now have the same power to grant adjournments and to allow amendments to any pleadings, and to the summons, as the court upon the trial, upon the same terms and with the like effect (*Code*, § 272). As the subject of payments has been introduced into this case by the complaint and put in issue by the answer, the proposed amendment of the answer, by which it was sought to set up the precise amount paid, being material to the case, should have been allowed by the referee upon terms.

As the plaintiff insisted, however, that the referee has already passed upon this question, and that his disallowance of the amendment, if reviewable at all, can only be reviewed on appeal from the judgment, it becomes necessary to inquire into the power of the court to interfere on motion at this stage of the proceedings.

In *Woodruff* agt. *Dickie* (5 *Rob.*, 619), the majority of the general term of this court were of the opinion, that "referees are no longer officers of, or under the control of the court. They become by appointment an independent tribunal, having such powers as are given by statute, and their decisions are reviewable only on appeal from their judgments. * * * * That as regards the allowance of amend-

ments of pleadings, a judge, presiding at the trial of a cause with a jury, possesses all the powers of the court, and can allow them in the same manner and with the like effect as the court sitting in any other organized form. That the words used in the 272d section, giving to the referees the same power, ' *as the court upon such trial,*' seem unnecessary, inasmuch as the court has no other, greater or less power ' *upon the trial*' in respect to amendments, than at special term, or in bank, or otherwise."

These doctrines, which, however, were not necessary to the decision of that case, the supreme court used to follow. In *Union National Bank of Troy* agt. *Bassett* (3 *Abb.*, *N. S.*, 359), the general term of the third district held that the court at special term, during the pendency of a reference, has power to permit a defendant to amend his answer by setting up the defense of usury, although the original answer did not allege it. And in *Ford* agt. *Ford* (35 *How.*, 322 ; *S. C.*, 53 *Barb.*, 525), the special term set aside an amendment allowed by the referee, on the ground that he had not the power to grant it at the trial, and that the motion should have been made to the court at special term.

In *Bennett* agt. *Lake* (47 *N. Y.*, 93), the court of appeals, instead of entertaining the appeal and reversing so much of the order appealed from as granted relief in addition to that given by the referee, dismissed the appeal, upheld the power of the court as well as that of the referee, and decided that the allowance of the amendment by the referee and the granting of additional relief to the same party by the court upon a review, on motion of the other party, of the action of the referee, were both discretionary.

This last decision must be deemed to overrule in effect the doctrines advanced in *Woodruff* agt. *Dickie ;* and as I am therefore at liberty to disregard them, I have after a careful examination of all the authorities arrived at the conclusion, that the rule has been correctly stated by Mr. Justice

JAMES in *Ford* agt. *Ford* (*supra*), namely, that although on the trial neither a referee nor the court has power to allow the amendment of a pleading by inserting a new cause of action or a new defense, such amendment may be obtained by suspending the trial and applying on notice to the special term. The application should be made at special term, because the adverse party has not only a right to answer or reply to such amended pleading, but should also have a reasonable time within which to prepare for opposing the motion.

From all this it follows that where the allowance or disallowance of a proposed amendment is in the discretion of the referee, the exercise of that discretion, even if reviewable on appeal, will not be interfered with by the court on motion. And this is the precise question determined in *Woodruff* agt. *Dickie* (*supra*). But where the referee either has no power, or refuses to interfere because of a supposed want of power, the trial may be suspended and a motion made to the court at special term.

As in this case plaintiff's counsel has stated upon the argument that the referee had based his decision upon his supposed lack of power, the motion is granted upon payment of ten dollars costs and without prejudice to the proceedings already had and with leave to plaintiff to amend his complaint, if he should be so advised.