By the Court.—Curtis, J.
The complaint alleges that the Mayor, Aldermen and Commonalty of the city *278 of New York, “through the school trustees of the tenth ward in said city, such board being requested to do so through the then board of public instruction in said city, now the board of education ” entered into contract, with Alonzo Dutch, by which he agreed to build a school-house, and the mayor, &c., of the city of New York, agreed to pay therefor the sum of $20,000 in eight installments.
The complaint then averred the assignment of the contract to the plaintiff; the completion of the building by him ; and that the eight installments payable under the contract was due and unpaid to him.
By the answer, it was admitted that the contract was made as alleged in the complaint.
The cause was tried in October, 1874.
The plaintiff put in evidence the contract.
It then appeared that the contract was made by “ The school trustees of the tenth ward,” and that the mayor, &c., of the city of New York was not a party thereto.
The court dismissed the complaint upon the ground that the contract sued upon was not the contract of the defendants, following the decision of this court in Ham v. The Mayor (37 Sup'r Ct. 458), and the attention of the court not having been called by either party to the admission in the defendant’s answer.
Upon appeal the court held that the defendants were precluded by the admission contained in the pleadings, from denying that the school trustees were their agents, and that they were bound by the contract in question j a new trial was therefore ordered.
These defendants immediately moved at special term for leave to amend their answer, by denying the making of the contract by them, and by striking therefrom the admission of making such contract, and each and every admission that the school trustees were *279 agents of the defendants, or authorized to make contracts on their behalf.
The motion was made upon the pleadings and proceedings in the action, the printed case on appeal, and an affidavit stating that the admissions contained in the original answer were made in consequence of misapprehension on the part of the pleader of the legal relations of the school trustees to the mayor, alderman, and commonalty of New York, and before the decision heretofore referred to respecting such rights and liabilities had been made. The motion was granted upon terms and the plaintiff appeals.
In consequence of the frequent legislative enactments, affecting the system of public instruction, and the legal relations of the city government to it, many serious difficulties and questions have arisen. In preparing the answer, the pleader fell into an error, which under the circumstances was very natural, and which was mainly due to the existence of these complications and questions.
It was intimated at the general term, when the new trial was granted, that the only remedy .for the defendants, was to apply for leave to amend their answer. Such leave has been granted, and the plaintiff on the appeal, claims that it, in effect, allows a new defense, and can not be permitted; and further that the court can only allow an amendment, when it is “in furtherance of justice,” and that the amendment asked for is not of such character.
The provisions of the code authorizing amendments, were intended to protect parties when errors had occurred, and mistakes been made. This application seeks its remedial protection, and comes within the scope of its provisions. No bad faith, and no wanton delays are imputed to the defendants. If the court has the power, and the defense is not an unconscionable one, the amendment should be allowed.
*280 It seems to be clearly settled, that the court has the power in its discretion, to allow any allegation material to the case, to be inserted in the answer, though the effect may be to change the defense ; and that when a new trial has been ordered, the court has the same power to allow the parties to amend their pleadings, as though the action had never been tried.
It was the intention of the legislature, and the language of the code indicates, that the answer or statement of defense, might be amended so as to enable a defendant to avail himself of all of his defenses on the trial. Where by error or ignorance a party might be unable to present his entire case, or to avail himself of all of his defenses at the trial, the court has power to grant relief upon such terms, and in such cases as may be just (Union National Bank of Troy v. Bassett, 3 Abb. N. Y. 359; Brown v. Leigh, 49 N. Y. 78; Troy v. Boston R. R. Co. v. Tibbits, 11 How. Pr. 168).
It is urged on the part of the plaintiff, that the amendment should not be granted, because it seeks to defeat an honest claim for work of which the city has had the benefit, by interposing a legal technicality. If this doctrine, held in Ham v. The Mayor (37 Sup'r Ct. 458) is correct, that the department of public instruction possessed the powers and privileges of a corporation; that it was not a part of the integral government of the municipal corporation; that its powers and duties were imposed by statute and to be executed as the representative, and for the purposes of the state government, in administering its system of common schools ; and that the public moneys of the state apportioned to the counties of New York, among others counties were applied to its expenditures, then it would be unjust to make the city of New York liable for contracts made for and on behalf of the state government by the representatives, and for the purposes of the state.
It is not proposed at this stage of the action to pass *281 upon its merits, but simply to show, that we can not now undertake to determine what are the equities, or the legal rights of the parties in the litigation, but that it sufficiently appears that the amendment sought is not of such an unconscionable character that it should for that reason be refused.
The order appealed from is affirmed, with costs to respondents, to abide the event of the action.
Speir, J., concurred.