SMYTHE & ADGER v. BROWN.

1. In an action of foreclosure brought by the assignees of the mortgagee, the mortgagor denied the assignment and alleged, that if made, there were certain equities between the assignors and himself, binding upon the assignees. The cause was referred to the clerk of the court, as referee, to compute the amount due and report upon the questions of law and fact arising on the pleadings. Pending the reference, the referee, on defendant's motion, passed an order, giving defendant leave

to amend his answer and requiring the plaintiffs to make the original mortgagees parties. Plaintiffs at once appealed to the Circuit Court, and the judge, having no report from the referee but on the pleadings alone, reversed the order of the referee. *Held*, that the reference here not being for trial in its full sense, the Circuit Judge had the power to revoke the referee's order and require him to proceed with the case. The proper practice is by motion, but this was in substance what was done here. It may be different where all the issues are referred.

2. There is nothing in the pleadings to show that the original mortgagees were necessary parties to the action.

   MR. JUSTICE McIVER and MR. JUSTICE McGOWAN concurred in the result, under the terms of section 791 of General Statutes.

Before WALLACE, J., Lancaster, March, 1885.

The opinion fully states the case.

*Messrs. Ira B. Jones* and *M. J. Hough*, for appellant.

*Messrs. Wylie & Wylie*, contra.

May 4, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. These two actions between the same parties, were brought each on a separate note and to foreclose a mortgage in each case. These notes and mortgages had been executed by the defendant to Twitty & Connors, in 1882 and in 1883. Both mortgages had been recorded in due time. The said notes and mortgages were afterwards assigned, as alleged, to the plaintiffs, who brought the actions. The defendant answered, admitting the execution of the papers, but denied the assignment, and also the amount claimed, and for further defence upon the supposition that an assignment had been made, he interposed certain equities as against Twitty & Connors, the assignors, growing out of their transactions as factor and customer, and payments made to the said Twitty & Connors, both in their own right and as agents of the plaintiff. He further claimed, that if the assignments were made, they were made as collaterals with other collaterals to a large amount, which he urged should be made to bear a portion, at least, of the debt of plaintiff.

When the case came up for trial, his honor, Judge Aldrich, by consent of all attorneys, ordered it to the clerk of the court, to compute and ascertain the amount due ; and, further, to report upon the questions of law and fact arising on the pleadings.    Pursuant to this order Mr. Williams, clerk of court, held a reference and had taken the testimony offered by the plaintiff, when the defendant's attorneys moved said clerk for leave to amend defendant's answers, and to make Twitty and Connors parties defendant, which motion was granted by order directing the summons and complaints to be amended by adding H. D. Twitty and Connors as defendants, giving them twenty days after service of summons within which to answer.    From this order the plaintiffs served notice of appeal to the Circuit Court, on the ground that Twitty and Connors were not necessary parties.

This appeal was heard by his honor, Judge Wallace, who upon the pleadings alone (the referee not having made any report, either as to his conclusions or the testimony taken), granted an order rescinding the order *supra* of the referee, with ten dollars costs to the plaintiffs.    From this order the defendant has appealed to this court, upon two grounds : 1st. Because his honor had no jurisdiction to hear the appeal from the order of the referee in the absence of a report by said referee to the Circuit Court. 2nd. Because Henry D. Twitty and Charles T. Connors are necessary parties to a complete determination of the issues in said actions, and the Circuit Court erred in holding the contrary.

The order of Judge Wallace, as already stated, was made upon the pleadings, the testimony taken by the referee not being read, nor requested to be read by either party.    The questions raised then come before us as they came before Judge Wallace.    Could he hear an appeal from the referee as to an intermediate order like the one under consideration before the whole report came in ? Did it appear, from the pleadings, that Twitty and Connors were necessary parties to a complete determination of the issues raised therein ?    The first is a question of practice, under the code, and it involves the powers and duties of referees appointed by the court, and also the control over said referees reserved to the court after appointment.

We have no decided case upon the precise point raised here in

our own reports—at least, we have found none, nor have the appellants referred us to any.    There is a case, however, found in 53 *Barbour*, 532 (*Ford* v. *Ford*), where the practice pursued here, in substance, was adopted and sustained.    In that case, after the case had been referred to a referee, the referee on the trial granted an order to the defendant to amend his answer by adding the defence of the statute of limitations.    Previous to the final hearing of the cause, the plaintiff, on notice, applied to the court by motion to set aside the order of the referee, and for a direction that he proceed to hear and determine the case upon the issues referred to him.    This motion was granted, the court saying: "That it was perfectly clear that the referee had not authority to make the order;    *    *    *    but it is insisted (says the court) that the plaintiffs have mistaken their remedy; that they cannot have relief by motion before verdict, but must except to the referee's ruling, and appeal to the general term after judgment.    It is no doubt true that the order of the referee was subject to exception, and might doubtless be reversed on appeal from any judgment that might be entered on his report.    But the plaintiffs were not restricted to that course of redress; they had the right to seek a more expeditious and less expensive mode. The special term, in my judgment, possesses the power to set aside any order made by a referee, in the progress of the cause, which he had not authority to make, and also to compel him to proceed to the trial of the issues referred to him for his determination.    Such was, in substance, the decision of the court in *Union Bank* v. *Mott* (18 *How. Pr.*, 506), and in my judgment that ruling should be followed."

This case, it is true, is not authority with us, but it comes from a State where the code has prevailed longest, and its reasoning seems sound, and especially applicable in a case like that before the court, a case in chancery, where it is evident that the reference was made not for trial in the full sense of that term, but to give the court information as to the amount due on the notes in suit, and to report to the court upon the questions of law and fact arising on the pleadings.    The code, it is true, provides a mode for reviewing the actings and doings of referees (§ 294), which may be adopted where the report has been made; but whether

this mode may also be adopted upon some intermediate order of the referee, and whether the order here is one of that character, it is not necessary for us now to determine, as we think the principle and practice pursued in the case of *Ford* v. *Ford, supra,* is proper here, the reference here being simply to compute the amount due, and to report on the questions of law and fact arising on the pleadings, and not for trial. Under that principle there was no necessity for the plaintiff to appeal; his remedy was a motion to set aside and vacate the order of the referee. This in substance he did do, although in form his notice and motion was presented as an appeal.

It is not intended to announce here that the actings and doings of a referee, as to all matters referred to him and properly under his jurisdiction, can be reviewed by the Circuit Court by piecemeal, and before the final report, nor that all intermediate orders of his can be at once reviewed, in advance of the final report. These questions must depend upon the application of section 294, to the case when made. They are not involved here, the question here being whether the Circuit Judge had jurisdiction in this case to hear the motion made before him in the absence of a report by the referee. We think he had such power whether the reference here was made by the Circuit Judge to aid him in reaching a conclusion, or as special master during the vacancy of the office of master under the recent act providing for said office in Lancaster and other counties; and, therefore, there was no error in hearing it.

Next. Does it appear from the pleadings that Twitty and Connors were necessary parties? We think not. The complaint was an ordinary complaint by plaintiffs claiming as assignees of Twitty and Connors of the notes and mortgages sued on, and we can see no necessity, so far as the plaintiffs were concerned, why Twitty and Connors should be made parties. The plaintiffs claimed nothing from them, nor was their presence necessary as parties in order to enable the plaintiffs to enforce their rights against the defendant under the assignment. Nor do we see anything in the answer, or in the defences set up by the defendant, which required the presence of Twitty and Connors as parties defendant, to protect the other defendant. No doubt, their

presence was necessary as witnesses, but as parties we can see none.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

THE OTHER JUSTICES concurred in the result for the reason stated in a separate opinion herewith filed, as follows :

This action was pending in the County of Lancaster, and it seems that the provisions of the code as to the appointment of referees have been repealed so far as that county is concerned. See act of December 24, 1880, *Gen. Stats.,* § 782. It does not appear whether a master has been appointed for Lancaster under the above provision. If so, and the reference had been to him, he would have had the power given by it, "to grant leave to amend pleadings and make new parties  *  *  *  But all such orders shall be subject to the revision of the presiding judge at the next succeeding sitting of the court, or of the resident Circuit Judge, at chambers," &c. *Gen. Stats.,* § 791. The reference in this case was not made to the master, but, by consent of parties, to D. A. Williams, clerk of the court, and as the office of referee and the practice of referring cases to referees as provided for in the code, no longer exists in the County of Lancaster, it seems to us, that in this case the clerk was not invested with the powers of a referee under the code, but that all his orders under the act were subject to the revision of the presiding judge, without an intermediate appeal in form, precisely as if the reference had been to a master. See the last judgment of this court in the case of *Roberts* v. *Johns,* 24 *S. C.,* 580. For this reason we concur in the result.

Judgment affirmed.