## TRINDER vs. DURANT.

*A plea in abatement* cannot be amended.

The provision in the *Revised Statutes*, 2 R. S. 424, § 1, authorizing the amendment of any pleading, either in form or substance, for the furtherance of justice, does not change the law of amendment existing at the time those statutes went into force.

June 17th.    MOTION to amend. The defendant was sued as an owner of the steam-boat Independence, for materals furnished in her construction. The declaration was served in New-

York, on the agent of the defendant's attorney, (who and his client resided in Albany,) on the 3d February. The defendant, conjecturing the cause of the suit, on the 6th February put in a *plea in abatement*, stating the names of 47 persons as jointly interested with him as owners in the boat, whom he then believed were *all* the owners of the boat. On the 15th February a replication was filed. A register of the names of the owners was kept in New-York, but owing to the river being closed with ice, the necessary inquiries could not be made before the expiration of the time to plead. On the 7th June the defendant made an affidavit that he had learnt that he had omitted the names of 26 owners, that five of those named in the plea were not correctly named, and that the names of two persons had been erroneously included; and that the omissions and defects had not been discovered so as to enable him sooner to apply for leave to amend. On the same day he tendered an amended plea to the plaintiff's attorney, offering to receive a replication, to take short notice of trial, and to pay the costs of the amendment; which offers were refused. Upon this state of facts, application was made for leave to amend the plea in abatement.

*I. Hamilton,* for defendant.

*J. Rhoades,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. It is objected that pleas in abatement are not amendable. Such pleas are always discouraged, being dilatory and not going to the merits of the action.

The only reported case I have been able to find on the question is *Lyde* v. *Heale, Prac. Reg. of Com. Pleas,* 21, decided *Easter Term,* 12 *Geo.* 1. The defendant pleaded in abatement another action pending, and, in setting out the record, instead of saying *non fuit culpabilis per vitium scriptoris,* it was said *non fuit capitalis.* A motion to amend was denied, because, as appears from the argument of counsel, a matter in abatement must be pleaded without an imparlance, and an amendment is in the nature of an imparlance.

Most treaties on practice have said that pleas in abatement are not amendable. 1 *Crompton*, 127. 1 *Sellon*, 275. 2 *Archb*. 239. 1 *Dunlap*, 441, 2. Our revised statutes declare, in broad terms, that the court shall have power to amend any process, pleading or proceeding, either in form or substance, for the furtherance of justice, &c. This was not intended, I apprehend, to change the practice which before was usual as to amendments. The motion must therefore be denied, but without costs.