By the Court, Cowen, J.
Í Have looked into tlie books cited, and think I could have allowed the proposed amendment, had its purpose been to obviate a variance between the declaration and the cause of action for which the action was really brought; or to introduce a hew cause of action for which it was so brought, but which had been omitted by the pleader through mistake. The delay which has intervened would have been no Objection to either; though the statute of limitations might have closed upon the matter sought to be introduced. Indeed, I will not deny that the latter circumstance might even strengthen the argument for allowing the amendment.
But here it is proposed to add a distinct substantive cause of action, not known to the plaintiff when the suit was brought, and of course not intended to be declared upon. This withal is barred by the statute. That would be going farther than any cáse warrants. It would be to avoid the statute by a suit which did not in fact, nor was intended to cover the cause of action against which it has run. Courts are more liberal in allowing the addition of new demises in ejectment, perhaps,, than any other sort of amendment. Indeed, that is, generally, no more than the modification of the declaration, so as to reach the real question intended by the suit. Yet where the title of the proposed lessor appeared to have been barred by the statute, this court denied the motion for such an addition; (Jackson, ex dem.Harris, v. Murray, 1 Cowen, 156.)
It is said that the words sought to be added here are not new and distinct; that one charge in the declaration is of words importing that the plaintiff was a thief, and the addition that he stole boards; is but another mode of charging the Same thing; Genetically this is so; but specifically *639 not; and a plea justifying the former words might not reach the new ones. I think the allowing of these must be considered much more than amending a mere variance; and that they are distinct words within the rule of the cases disallowing amendments by adding a new cause of action.
It is supposed that the 2 R. S. 343, § 1, enlarges our powers to amend; but this section is merely in affirmance of the old practice, (Trinder v. Durant, 5 Wendell, 72.)
Motion denied.