Beardsley agt. Stover.

## SUPREME COURT.

### Beardsley agt. Stover.

Before the last amendments of the Code (1852), the court, by the terms of the 173d section, could only allow such amendments to pleadings as would not change substantially the claim or defence. But by the amendment of that section this restriction is now limited to those cases in which amendments are allowed for the purpose of conforming the pleading to the facts proved. In all other cases the court may, in its discretion, allow any allegations material to the case to be inserted in the pleading, even though it change entirely the cause of action or defence.

*It seems*, that the second subdivision of § 150, as amended, changes the law of set off, so as to allow a defendant to set up any counter claim arising on contract, whether it would have been admissible under the former law of set off or not; and even though the plaintiff's claim be one against which a set off could not have been formerly interposed, provided the action is upon contract.

*Albany Special Term, May* 1852. *Motion to amend, &c.* The action was commenced in August 1850, to recover damages for an alleged breach of a special agreement. Issue was joined on the 10th of March 1851, by the service of a reply to the defendant's answer. The cause was noticed for trial at the Rensselaer circuit in April 1852, and, when reached on the calendar, was referred.

The defendant states in nis affidavit, upon which the motion is founded, that the plaintiff is indebted to him to an amount exceeding $4000, for a cause of action arising upon contract, and existing at the time of the commencement of this action, and that the plaintiff is insolvent. The motion is for leave to add to the defendant's answer a counterclaim, founded upon this alleged indebtedness.

E. F. Bullard, *for Plaintiff.*

A. B. Olin, *for Defendant.*

Harris, Justice.—The plaintiff's claim being for the recovery of unliquidated damages arising from the defendant's breach of his contract, the defendant, although the plaintiff might have

Beardsley agt. Stover.

been indebted to him, when the action was commenced, to an amount exceeding the plaintiff's damages, could not have set off his debt against such damages. But the defendant's counsel supposes that, by a recent amendment of the Code, he may avail himself of his set off. A defendant is now authorized to set up, by way of defence, any new matter constituting a counterclaim, when such counterclaim arises upon contract. The plaintiff's action being founded upon contract, and the defendant having a cause of action also arising on contract, and the same having existed at the time the suit was brought, it would seem that the case is brought within the second subdivision of the Code as now amended.

Before the recent amendments of the Code, there would have been some difficulty in allowing the proposed defence to be inserted in the answer. By the terms of the 173d section, the court could only allow such amendments as would not change substantially, the claim or defence. But by a very slight change in the language of the section, this restriction, which before was general, is now limited to those cases in which amendments are allowed for the purpose of conforming the pleading to the facts proved. In all other cases, I understand the court to be invested with the power, in its discretion, to allow " any allegations material to the case " to be inserted in the pleading, even though the effect may be to change entirely the cause of action or defence.

In this case, I think it may be in furtherance of justice to allow the defendant to amend his answer by inserting as a new defence his counterclaim against the plaintiff. He must be permitted to do so upon payment of plaintiff's costs of preparing for the trial before the referee, and the costs of opposing this motion. The plaintiff will have the usual time to reply to the amended answer. It would have been proper, had either party desired it, to vacate the order of reference, but as nothing was said upon the subject, upon the argument of the motion, the reference may stand, but proceedings must be stayed until the new issue is completed.