## SUPREME COURT.

### AMOS WOODRUFF agt. PATRICK DICKIE.

The power of the *court* to allow *amendments to pleadings* has not been *enlarged* by the Code. The act concerning *amendments and jeofails*, passed in 1788, and incorporated into the Revised Laws of 1813, gave the same general power; and the Revised Statutes allowed amendments either in form *or substance*, for the furtherance of justice.

Neither at common law, nor under any of the previous statutes, did the courts ever claim the power, to allow an amendment to any existing pleading, by the insertion of *a new and different cause of action or defense.*

The clause of the Code which allows an amendment "by inserting other allegations material to the case," does not extend the power over amendments setting forth *a new cause of action or defense.*

An *amendment* is the correction of some error or mistake in a pleading already before the court, and there must therefore be something to amend by. Whereas, the insertion of facts constituting a *new cause of action or defense*, would be a *substituted pleading*, and not an amendment of an existing pleading. There are no cases which furnish a satisfactory reason for holding such an amendment to be within the power of the court to grant.

There is nothing in the Code increasing the power of amendment beyond that which had previously been exercised by the court, and the decisions prior to the Code should prevail.

Section 272 of the Code provides that *referees* "shall have the same power to grant adjournments and to allow amendments to any pleadings, and to the summons, as the *court upon such trial*, upon the same terms and with the like effect."

The words "as the court upon such trial" inserted in this section would seem to be unnecessary, inasmuch as the court has no other greater or less power "upon the trial," in respect to amendments than at special term, or in banc, or otherwise.

There is no distinction between the powers of the court while sitting in different branches. It is enough that the *court* may amend any pleading, and that the power is not limited to any branch or part of the tribunal. All the powers of *the court* may be exercised by a single judge while sitting as a court, except when the power is confined to the court as a collective body. All statutes conferring jurisdiction give it to the court, and not to the members composing the tribunal.

Woodruff agt. Dickie.

There is no doubt that as regards the allowance of *amendments of pleadings*, a judge presiding at the trial of a cause with a jury possesses all the powers of the court, and can allow them in the same manner and with the like effect as the court sitting in any other organized form.

*Referees* are no longer officers of, or under the control of the court. They become by appointment an *independent tribunal* having such powers as are given by statute, and their decisions are reviewable only *on appeal* from their judgments.

*Referees* now possess all the powers of the court, and their allowance or disallowance of an amendment can only be reviewed, if reviewable at all, in the manner other decisions are reviewed *on appeal.*

*Heard January General Term*, 1866.

*Before* BARBOUR, MONELL *and* GARVIN, *Justices.*

APPEAL from an order denying a motion at special term for leave to amend the answer.

This action was brought to recover the last of several installments claimed to be due upon a contract for building a store, and also for extra work done thereon. The complaint set out the contract which provided, amongst other things, that alterations or additions might be made which were to be paid for; that the building should be finished by the first of November, and in default a deduction of sixty dollars a day might be made out of the last installment; that the work should be done according to the plans and specifications of the architect named, in a good, workmanlike and substantial manner, and of good, proper and sufficient materials, and that the last installment of the contract price should be paid on completion of the building.

The answer admitted the contract and that alterations were made, but paid for as done; denied performance of the contract on the part of the plaintiff, and that he was not entitled to recover the last installment.

The action was referred to a referee to hear and determine all the issues. While the trial was pending before the referee, the defendant moved the referee for leave to amend his answer.

The proposed amendments were allegations that the building was not erected in accordance with the contract and specifications, nor in a good, substantial and workmanlike manner. That the plaintiff used in the construction thereof, materials of an inferior quality, and in less quantities than

required by the contract. That the plaintiff failed to finish the building by the first of November, whereby the defendant was entitled to deduct from the last installment the sum of sixty dollars a day for every day thereafter. That by reason of the failure of the plaintiff to complete said building by the time aforesaid, the defendant had sustained damages. That the plaintiff used in the construction of said building a large quantity of brick, belonging to the defendant, the value of which the defendant claimed to recover from the plaintiff. The defendant demanded an additional "judgment against the plaintiff for the damages sustained by him as aforesaid and for his counter-claim."

The referee denied the motion, whereupon the defendant moved before Mr. Justice MONELL, at special term, for leave to amend his answer in the manner before stated.

The justice denied the motion, and the defendant appealed.

J. TOWNSHEND, *for appellant, defendant.*
L. A. LOCKWOOD, *for respondent, plaintiff.*

*By the Court,* MONELL, J. When this case was before me at special term, I entertained the opinion, and so held, that by recent amendments of the Code, referees possess all the powers of the *court* in granting amendments of pleadings, and that the referee in this case, having denied the application made to him to amend the answer, his decision, if reviewable at all, could only be on appeal from the judgment.

A more careful examination of the subject, since the argument of this appeal, has confirmed my opinion.

The power of the *court* to allow amendments to pleadings has not been *enlarged* by the Code. The act concerning amendments and jeofails, passed in 1788, and incorporated into the Revised Laws of 1813 (1 *R. L.* 117), gave the same general power, and the Revised Statutes (2 *R. S.* 441, § 1), allowed amendments, either in form *or substance,* for the furtherance of justice.

The 173d section of the Code is not more comprehensive than either of the statutes referred to, and the only part of

the section which it is *claimed* enlarges the power, is in allowing other allegations, "*material to the case*," to be inserted (*Beardsley* agt. *Stover*, 7 *How. Pr. R.* 294).

Neither at common law, nor under any of the previous statutes, did the courts ever claim the power to allow an amendment to an existing pleading, by the insertion of a *a new and different cause of action or defense.* (*Sackett* agt. *Thompson*, 2 *J. R.* 206; *Heneshoff* agt. *Miller*, *Id.* 295; *Trinder* agt. *Durant*, 5 .*Wend.* 72; *Williams* agt. *Cooper*, 1 *Hill* 637.) In *Trinder* agt. *Durant*, it is said, that the Revised Statutes, which in *broad terms* gives the power, were not intended to change the practice, which before was usual as to amendments.

Under the Code, however, in a few cases, it has been held that the court has power to allow as an amendment, the insertion of a new cause of action. (*Beardsley* agt. *Stover, sup.; T. & R. R. Co.* agt. *Tibbits*, 11 *How. Pr. R.* 168; *Union Bank* agt. *Mott*, 19 *Id.* 267.)

The clause of the Code which allows an amendment, "by inserting other allegations material to the *case*," does not, in my opinion, extend the power over amendments setting forth a new cause of action or defense. What is the "*case?* Is it not the facts stated in the pleading, as constituting the cause of action or defense? Clearly, it is; then the allegations proposed to be inserted must be material to the "case" already made, and not merely material to another and wholly different case.

An amendment is the correction of some error or mistake in a pleading already before the court, and there must, therefore, be something to amend by, whereas, the insertion of facts constituting a new cause of action or defense, would be a substituted pleading, and not an *amendment* of an existing pleading.

The cases referred to furnish no satisfactory reason for holding such an amendment to be within the power of the court to grant. In two of the cases (*T. & B. R. R. Co.* agt. *Tibbits, and Union Bank* agt. *Mott*), it is in effect merely *assumed* that the court has the power, and in the other case

(*Beardsley* agt. *Stover*), a criticism is attempted on the section of the Code which it was thought would aid in interpreting the statute and cover the point decided. The amendment of the section in 1851, added the words to the last clause, "when the amendment does not change substantially the claim or defence," and it was said, that the amendment was restricted to the power to conform the pleadings to the facts proved. The limitation in the last clause, to amendments which do not change the claim or defense, does not either in terms, or by implication, enlarge the power as to other amendments, and as there is nothing in the section increasing the power, beyond that which had previously been exercised by the court, the decisions prior to the Code should prevail.

This is expressly recognized in *Corning* agt. *Corning* (6 *N. Y. R.*, 2 *Seld.* 97, 105) ; *Walters* agt. *Bennett* (16 *N. Y. R.* 250) ; *Whitcomb* agt. *Hungerford* (42 *Barb.* 177) ; *Davis* agt. *Mayor, &c. of N. Y.* (14 *N. Y. R.* 506). In the last case the power to amend is discussed, and it was held, that the court has not the power to add new parties.

It is provided by the statute that referees " shall have the same power to grant adjournments, and to allow amendments to any pleading   *   *   *   as the court *upon such trial*, upon the same terms, and with the like effect " (*Code* § 272)

A distinction has been attempted to be drawn between the powers of the court while sitting in different branches of the same tribunal ; and it is said that a judge *at the trial*, has not the same power to grant amendments as is possessed by the court. (*Cases cited supra ; and per* GRAY, *J. Everett* agt. *Vendryes*, 19 *N. Y. R.* 439.)

The Code makes no such distinction ; nor can there be such a distinction under the present organization of the courts.

The 173d section gives the power of amendment to *the court*. It does not mean the court sitting in *banc*, nor at special term, but the court wherever it may be, and while exercising its functions *as a court*. Has it ever been doubted that a judge sitting at *nisi prius may* allow an amendment of a pleading ? I think not. Yet the Code gives power to

the *court* only, and not to the judge. Has a judge at special term, held for hearing motions, any greater power than a judge at special term for the *trial* of actions with a jury? Certainly not. All issues are triable at a special term, either with or without a jury, and in either case the same general functions are exercised. A court requires merely the presence of the judges, or a competent number of them, and a clerk; that constitutes the index, or in corporal being called a court.

And it is well settled, that unless the statute in conferring a power, makes a distinction between the powers of a judge and the court, no distinction can exist (*Smeeton* agt. *Collier*, 1 *Ex. R.* 459).

All the powers of *the court* may be exercised by a single judge while sitting as a court, except where the power is confined to the court as a collective body. A single judge may hold a circuit or special term. He can preserve order, punish contempts, hear and decide cases. He does this under the power given to the *court*, and not to him as a judge thereof; and all statutes conferring jurisdiction, give it to the court, and not to the members composing the tribunal.

In the cases referred to, the question is rather assumed than considered.

In *Woodruff* agt. *Hurson*, it was held that the amendment contemplated a new defense *pro tanto*, and was not allowable. And *Everett* agt. *Vendryes* was put on the same ground; and the remark of the judge, that the application to amend " at the trial," was properly denied, amounts to nothing.

In *N. Y. Marble Works* agt. *Smith* (4 *Duer*, 362), it was doubted if the court had the power to allow an amendment *at the trial*, letting in an entirely new defense. But the point was not decided, as the court held that the granting or refusing leave was discretionary, and not the subject of an exception. And in *Robbins* agt. *Richardson* (2 *Bosw.* 248), a similar doubt is suggested.

In none of these cases, or any of the cases I have found, with a single exception, is any reason furnished for the sup-

posed distinction; and the suggestion or doubt thrown out, was not necessary for the decision of the case.

It is enough that the *court* may amend any pleading, and that the power is not limited to any branch or part of the tribunal. Convenience may require the adoption of a practice designating the place where all applications to the court may be made. But the statute makes no such designation, nor does it make any distinction in the power, or the right to exercise the power of the court, between its different branches or parts.

In the case of *The Union Bank* agt. *Mott* (18 *How. Pr. R.* 506), the learned justice who decided that case at special term, was of the opinion that the 170th section of the Code, alone gave power to allow amendments *at the trial.* That section, in conjunction with the one immediately preceding it, has reference to *variance*s between the pleadings and proofs, and authorizes the court to direct the facts to be found according to the evidence (in other words to disregard an immaterial variance), or to order an immediate amendment of the pleadings. Nothing is said in either section about this being done at the *trial,* and although questions of variance will naturally, and perhaps exclusively arise on the trial, there is nothing, that I can find, to prevent the court from allowing an amendment under that section at another time. Besides, the power to conform the pleadings to the facts proved under section 173, must usually be exercised at the trial.

In *Cayuga County Bank* agt. *Warden* (2 *Seld.* 19, 27), an amendment *at the trial* under section 149, now section 173 of the Code, was sustained. And in *Davis* agt. *The Mayor, &c. of N. Y. (supra),* the amendment was made at the trial under section 173, and was disallowed *only* because there was no power to add parties.

In view of all these sections, therefore, there is not, in my opinion, any doubt that as regards the allowance of amendments of pleadings, a judge presiding at the trial of a cause with a jury, possesses all the powers of the court, and can allow them in the same manner, and with the like effect as

the court sitting in any other organized form. If I am correct in this, then the words used in the 272d section, giving to referees the same power "*as the court upon such trial,*" would seem to be unnecessary, inasmuch as the court has no other greater or less power "upon the trial" in respect to amendments, than at special term, or in *banc,* or otherwise.

Referees are no longer officers of, or under the control of the court. They become by appointment, an independent tribunal having such powers as are given by statute, and their decisions are reviewable only on appeal from their judgments.

The legislature has from time to time, increased the powers, and added to the dignity of this tribunal; and it was the plain intention of the legislature, it seems to me, that it should possess all the powers, and exercise all the functions of a court, independently and without accountability to any other tribunal; and that its decisions should be subject to review, only on appeal.

In this view, notwithstanding the peculiarity of the language of the 272d section, I am of the opinion, that referees now possess all the powers of the court; and their allowance or disallowance of an amendment can only be reviewed, if reviewable at all, in the manner other decisions are reviewed on appeal.

I am in favor, therefore, of affirming the order, but without costs to either party, as the question is new.

The effect of this affirmance will leave the appellant at liberty to renew his motion to the referee, under this exposition of his power to allow the amendment.