## SUPREME COURT.

HALSTEAD FORD and others agt. CHILLION FORD and others.

On the *trial* of a cause, the *court* has no power, and consequently a referee has none, to allow the *amendment* of a pleading by inserting a *new cause of action* or a *new defense.*

If on the trial such an amendment is desired, it can only be obtained by suspending the trial or hearing, and applying *on motion to the special term.*

The opinions advanced in *Woodruff* agt. *Dickie* (31 *How. Pr. R.* 164): "that a referee is no longer an officer of the court," or that "the court at special term has no more power to grant amendments than the court has on the trial," or "that a referee has all the powers of a court at special term to allow amendments," not con curred in.

A *referee* appointed to hear and determine a cause is always under the control and direction of the court, and may be removed at its pleasure.

Where the referee on the hearing, makes an order allowing the amendment of an answer by inserting therein the defense of the *statute of limitations*, it is an order made without authority; and although it is the subject of exception and may be reviewed on appeal from any judgment which might be entered on the referee's

report; the plaintiff is not restricted to that mode of redress; he may take the more expeditious and less expensive mode, by moving at special term to set aside the order.

The special term possesses the power to set aside any order made by a referee in the progress of a cause, which he had not authority to make; and also the power to compel him to proceed to the trial of the issues referred to him for determination. (*The case of Union Bank* agt. *Mott*, 18 *How. Pr. R.* 516, *approved and followed.*)

*St. Lawrence County Special Term, June 2d,* 1868.

THIS was an action by *cestui que trusts* against their trustee and others.

The complaint was personally served,. and after a long delay an answer was served; to such answer a demurrer was interposed; thereupon the defendants served an amended answer. Upon the issue thus joined the cause was, by stipulation, referred for trial.

On the trial of the cause the defendants moved the referee for leave to amend their answer by adding a count setting up the statute of limitations. The referee, under plaintiffs' objections, granted the motion and made an order allowing the amendment, which was made.

The final hearing of the cause being adjourned, pending such postponement, the plaintiffs on notice, apply to this court by motion, to set aside the order of the referee, and for a direction that he proceed to hear and determine the cause upon the issues referred to him for trial.

E. C. JAMES, *for plaintiffs.*
GEO. MORRIS, *for defendants.*

JAMES, J. There seems to be some conflict in the decisions as to the power of the court to allow amendments to pleadings after issue joined. Leave to amend is asked for at different stages of the action; sometimes before trial, sometimes on the trial, and sometimes after trial; and the difference in the powers of the court at these different stages, seems to have been lost sight of in some of the reported

cases. So, also, of the powers of the court at circuit, on the trial, and the special term, on motion.

Before the Code, this court possessed and exercised the power of allowing amendments to pleadings upon the application of either party; a new cause of action, or a new defense, was often allowed by amendment. It was a power necessary to the administration of justice; and the permission for its exercise was obtained by application to the special term upon notice.

The power of the court to allow such amendments being conceded, its permission or refusal, or the terms and conditions, were always in the discretion of the court, each case depending upon its own peculiar features, facts and circumstances.

That portion of the opinion in *Woodruff* agt. *Dickie* (31 *How. Pr. Rep.* 164), which asserts, "that the courts never claimed the power, either at common law or under any previous statutes, to allow an amendment to an existing pleading by the insertion of a new and different cause of action or defense," is unsound. It is true courts never claimed the power of substituting one kind of action for another by amendment, as tort for assumpsit, or *vice versa;* but the power to add another cause of action of the same nature, or another defense that went to defeat the action, was always claimed, although, permission was not always granted. Even the authorities cited by the learned judge in *Woodruff* agt. *Dickie* (*supra*), do not deny the power above claimed, but negatively concede it. *Sackett* agt. *Thompson* (2 *J. R.* 206), was for leave to strike out a single count and add a new count, or for leave to add two new counts. It appeared, that a former action for the same cause had been once tried and plaintiff non-suited; that the present suit had been four several times noticed for trial by the plaintiff; and on these grounds the motion was denied; not because of the want of power; and not one of the authorities the r cited put the denial on the want of power; while in two cases, *Bearcroft*

agt. *Hundreds of Burnham and Stone* (*Levins*, 347), and *Dutchess of Marlborough* agt. *Wigman* (*Fitz.* 193), the amendments *were allowed* under the peculiar circumstances of each case; thus asserting the power.   *Trinder* agt. *Durant* (5 *Wend.* 72), related to a plea in abatement and hence had no application.   *Williams* agt. *Cooper* (1 *Hill*, 637), was an action of slander and the declaration counted upon words charging the stealing of apples, and the plaintiff asked leave to amend by adding a count for stealing boards ; the motion was not denied for the want of power in the court to allow it, but because the statute of limitations had run against the cause of action sought to be inserted, and the court said, " a new cause of action would be allowed by way of amendment, provided the suit intended to embrace it and it was omitted through mistake ;" here again asserting the power of the court to grant amendments by inserting new causes of action.

Numerous cases might be cited showing the exercise of such power by the courts; but it is unnecessary.   Experience has taught the necessity of such a power.   As was said by Justice SMITH in *Union Bank* agt. *Mott* (19 *How. Pr. R.* 267), " the exercise of the discretion (which such power confers), is among the most embarrassing duties cast upon the courts, and yet its existence and exercise is indispensable to the proper administration of public justice."   I, therefore, repeat, that independent of the Code, this court at special term on motion, at any time before verdict, has the power to allow amendments to pleadings, by permitting · the insertion of a new cause of action or new defense. (*Beardsley* agt. *Stover*, 7 *How.* 294; *Harrington* agt. *Slade*, 22 *Barb.* 161.)

But the power of the court to allow such an amendment *during the trial of a cause*, is another and quite a different thing.   Such a power did not exist before the Code, and I cannot discover that it has been conferred by that statute.

In this case, the application for leave to amend was during

the trial, and was made to the referee. Before the Code, a referee had no power to grant any amendments to the pleadings, in an action pending before him; by section 272 of that statute, referees are given the same power of amendment as the court, *on the trial* of a cause, so that now each tribunal has equal powers of amendment *on the trial.* To determine this motion, it is only necessary to ascertain the powers of the court to allow amendments of pleadings on the trial. Whatever that power is must be deduced from chapter 6, title 2, part 2 of the Code. Sections 169 and 170 treat of material and immaterial variances; section 171, of a failure of proof; section 174, of mistakes, and how they may be relieved against; section 175, of fictitious names; section 176, of the errors and defects that may be disregarded; section 177, of supplemental pleading; section 172, of amendments, as of course; and section 173, of amendments *by order of the court.* The power to allow the amendments asked for in this case is claimed in virtue of section 173; and it is therefore important that it have a careful analysis, to determine if any such power is given.

It is by said section enacted, that "the court may, before or after judgment, and on such terms as may be proper, amend any pleading, process or proceeding: 1st. By adding or striking out the name of any party; 2d. By correcting a mistake in the name of any party; 3d. Or a mistake in any other respect; 4th. Or by inserting other allegations material to the case; 5th. Or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The amendment allowed by the referee did not come within the first, second, third or fifth subdivisions. It was only claimed as authorized by the fourth subdivision, and that it came within the letter and spirit of the clause which authorized the court at any time to amend a pleading "by inserting other allegations material to the case." But an amendment setting up a new cause of action or defense is not within the phrase,

"other allegations material to the case." The fair construction and meaning of that phrase is, that where a cause of action is improperly set forth in the complaint, or defense in the answer, or a pleading is defective for any reason, the court may, in its discretion, at any stage of the case, authorize such imperfection or defect to be remedied by amendment, by inserting allegations necessary to make the case as intended by the original pleadings; but not to insert a new and distinct cause of action or defense. In fact, the fifth subdivision of section 173 negatives the idea that the law makers by said section intended to vest in the court the power to change, upon the trial, the substance and nature of the issues presented by the original pleadings. Why would the legislature restrict the power of conforming the pleadings to the facts proved to cases where it did not change substantially the claim or defense, if by the preceding subdivision it had empowered the court to allow by amendment the insertion of a new cause of action, or new defense? Besides, the power given by the fourth subdivision may be exercised at any time before or after judgment; and if it empowed the court to allow by amendment the insertion of a new cause of action or defense, its exercise after judgment would be disastrous to the party against whom the amendment was allowed. The bare fact that the power given by the whole 173d section may be exercised after judgment, is conclusive that it did not contemplate the power of setting up a new cause of action or new defense.

I am aware that the general term in this district, in *Van Ness* agt. *Bush* (22 *How*. 481), held that a referee on trial has the power to allow an amendment setting up a new defense. The members of the court were not united in that decision, and the case was published without assent. The cases cited in the opinion published do not sustain the decision. *Beardsley* agt. *Stover* (7 *How. Pr. R.* 294) was not an amendment allowed on the trial, but was an application at special term, on notice, heard before trial; and the power

Ford agt. Ford.

of the court at such time, and on such motion, to allow an amendment of the pleadings, by inserting a new cause of action or setting up a new defense, is precisely what I assert; but the right to allow such an amendment *on the trial* does not follow. So, in *Harrington* agt. *Slade* (22 *Barb.* 164), the motion was at special term, before trial, for leave to file a supplemental answer, and had no bearing upon the question of power in the court to allow a new cause of action or defense to be inserted in a pleading by amendment. In view of the cases of *Catlin* agt. *Hansen* (1 *Duer*, 309) and *Fagan* agt. *Davison* (2 *Duer*, 153), in the former of which it was held "that evidence could not be given to support a defense different in its entire scope and meaning from that set up in the answer, and that the answer could not be amended so as to let it in;" and in the latter, "that a judge, on the trial of a cause, has no power to strike out the only defense made by the answer, and substitute another, different and inconsistent;" of the more recent decisions of this court in *Union Bank* agt. *Mott* (18 *How.* 506; 19 *How.* 114 *and* 267), *Woodruff* agt. *Hurson* (32 *Barb.* 557), *Dunnigan* agt. *Crummey* (44 *Barb.* 528), and the higher authority of *Everett* agt. *Vendryes* (19 *N. Y.* 436), I think I may disregard the case of *Van Ness* agt. *Bush* (*supra*), and follow these other decisions.

It is quite certain that, on the trial of a cause, the court has no power to allow the amendment of a pleading by inserting a new cause of action or a new defense. It is also clear that, if such a power is not possessed by the court on trial, it is not possessed by the referee. If, on the trial, such an amendment is desired, it can only be obtained by suspending the trial, or hearing, and applying on notice to the special term.

I cannot subscribe to the opinions advanced in *Woodruff* agt. *Dickie* (*supra*), "that a referee is no longer an officer of the court," or "that the court at special term has no more power to grant amendments than the court has on the trial,"

or "that a referee has all the powers of a court at special term to allow amendments." A referee appointed to hear and determine a cause is always under the control and direction of the court, and may be removed at its pleasure; and the difference between the powers of the special term, and the court at circuit, on the trial, or the reference, I have endeavored to demonstrate.

It is perfectly clear that the referee had not authority to make the order sought to be set aside. But it is insisted that the plaintiffs have mistaken their remedy; that they cannot have relief by motion before verdict, but must except to the referee's ruling and appeal to the general term, after judgment. It is no doubt true that the order of the referee was the subject of exception, and might doubtlees be reviewed on appeal from any judgment that might be entered on his report. But the plaintiffs were not restricted to that course for redress; they had the right to seek a more expeditious and less expensive mode. The special term, in my judgment, possesses the power to set aside any order made by a referee, in the progress of a cause, which he had *not authority to make,* and also the power to compel him to proceed to the trial of the issues referred to him for determination. Such was in substance the decision of the court in *Union Bank* agt. *Mott* (18 *How. Pr. R.* 506), and in my judgment that ruling should be followed.

In that view the plaintiffs were right in their course of proceeding; and the order of the referee, being beyond his power to grant, it must be set aside, with $10 costs.