Balcom, J.
The portion of the answer that the .defendant asks leave to strike out, contains an admission of a material fact the plaintiff will desire to establish on the trial. If the admission should not be struck out the plaintiff would read it from the answer, and insist that the defendant could not controvert it (See Paige v. Willet, 38 N. Y., 28). But should it be struck out, and the answer changed by the insertion of other allegations in its place, the plaintiff could prove the admission by reading it from the original answer; and then the defendant would have the right to controvert it by evidence, and show, if he could, that it was inserted in the original answer through inadvertence, or by his own mistake, or by the carelessness of his attorney.
Section 173 of the Code is clearly broad enough to authorize the court to grant the defendant leave to amend his answer in the way and to the extent he asks leave to amend it. The meaning of that section (except as I shall presently state) is, that the court may, in its discretion, allow a plaintiff to amend his complaint in any way or to any extent; and that the court may, in its discretion, permit a defendant to amend his *323 answer (except as I shall presently state), in any way and to any extent. The only restrictions on the court in that section, are that the amendments must be in furtherance of justice, and on such terms as may be proper; and when the court conforms the pleading or proceeding “to the facts proved,” the amendment must not change substantially the claim or defense.
I am aware of some decisions which hold that the power of the court to allow amendment to pleadings, has not been enlarged by the Code (See Woodruff v. Dickie, 31 How. Pr., 164; S. C., 5 Robt., 619). But the current of authority is the other way; and there now is great liberality in allowing amendments of pleadings, before and after judgment, and during the trial (See Bate v. Graham, 11 N. Y. [1 Kern.], 237 ; Croghan v. Livingston, 17 N. Y., 218; Lounsbury v. Purdy, 18 Id., 515; Pratt v. Hudson River R. R. Co., 21 Id., 305; Bank of Havana v. Magee, 20 Id., 355; Thompson v. Kessel, 30 Id., 383; Ackley v. Tarbox, 31 Id., 564). And I am informed by counsel that the court of appeals affirmed my ruling, allowing an amendment of the complaint, on the trial of Dauchy v. Tyler, when that case was finally determined by that court (See case, 15 How. Pr., 399).
In my judgment, the day passed, when the Code was enacted, that parties should be beaten by reason of errors and omissions in their complaints or answers, if they applied in due time for leave to amend them. I approve, of the decision of Justice Harris, in Troy & Boston R. R. Co. v. Tibbits (11 How. Pr., 68). He said, in that case, “I regard it as very much a matter of course, to allow any party to shape his own pleadings to suit himself, and for that purpose to permit him, at any time before trial, to amend his pleadings so as to present his own views of the ques *324 tions to be litigated, upon such terms as may be deemed equitable.”
The plaintiff’s counsel insists that the defendant should not be permitted to amend his answer, by striking an admission out of it, because the complaint and answer are verified on oath. He has cited, in support of this position, Verplank v. Mercantile Insurance Company of New York (1 Edw. Ch., 46); Jennings v. Merton College (8 Ves., 79); Dolder v. Bank of England (10 Id., 285). But those authorities would not fully sustain his position if the Code had not changed the practice respecting amendments of pleadings. And there is some authority -holding that verified pleadings under the Code may be amended (See Merchant v. New York Life Insurance Company, 2 Sandf., 669; Vanderbilt v. Accessory Transit Company, 9 How. Pr., 352). There is nothing in the Code that prevents the court allowing parties to amend pleadings they have sworn to; and I am of the opinion, the court should grant leave to parties to amend verified complaints or answers, in proper cases, in furtherance of justice, upon equitable terms. A party should not be held bound by a mistake he has made on oath, when it can be corrected without irreparable injury to his adversary.
There is much more danger of doing injustice in this case by refusing to allow the defendant to amend his answer, than there is by granting him leave to make the proposed amendment. If the admission in the answer, which the defendant asks leave to strike out, is true, the defendant will fail to disprove it under' an amended answer; but if the admission be untrue, it would be unjust to hold him to his answer and prevent him proving the truth on the trial. The swearing to a falsehood by mistake is not perjury; and a party should have the privilege of correcting the falsehood and of explaining, if he can, how he came to swear to it, But I agree with the vice chancellor in Verplank v. *325 Mercantile Insurance Company (supra), that amendments to pleadings which are sworn to should be allowed with great caution. And I hold upon that authority, and upon the decisions in 8 & 10 Vesey (supra), that the original answer in this case should remain on file, and not be altered by the defendant’s amendments ; and that the proposed amendments should be made by making, verifying and filing an entire, new amended answer, so the plaintiff can use the existing original answer as evidence on the trial, to prove the defendant’s admission that he now asks leave to have struck out
My conclusion is that the defendant should have leave to amend his answer, as asked for in his notice of motion, but on terms that shall be just to the plaintiff. Such terms are that the defendant must pay the plaintiff, ten dollars costs of opposing the motion, verify and file the new amended answer within twenty days, leaving the original unchanged on file, so the plaintiff can use it as evidence on the trial. And if the plaintiff shall, within ten days after the amended answer shall be verified and filed, request that the cause go over the next Broome circuit, costs to abide the event, to enable him to prepare for the trial of the cause upon the amended answer, the defendant mast stipulate that the cause shall go over that circuit on such terms. If the defendant shall not comply with the foregoing terms, then this motion will be denied, with ten dollars costs.