PHŒBE ROBERTSON, Respondent, *against* WESTMORE R. ROBERTSON, Appellant.

(Decided February 2d, 1880.)

A defect in the affidavit of service of the summons and complaint is not ground for setting aside a judgment against the defendant, where the record shows beyond doubt that the summons and complaint were actually served upon him.

The admission of improper testimony to identify the defendant in an action for divorce is not a sufficient ground for setting aside a judgment against him, if there was other testimony sufficient, if true, to establish his identity.

The fact that a wife, who has obtained a divorce on the ground of adultery, had herself committed adultery before the divorce was granted, by marrying again, she believing at the time that she had been legally divorced from her first husband and had a right to marry, is not a ground for setting aside a decree of divorce to which she was otherwise, beyond question, entitled.

Robertson *v.* Robertson.

Insufficiency of the testimony upon which a divorce was granted is not ground for setting aside the decree after the lapse of several months, unless there was an entire failure of evidence.

The amendment of a complaint to conform to the evidence, even though erroneously allowed, is not a ground for setting aside the judgment founded on it, where such evidence tended to establish another cause of action contained in the complaint, and the defendant was therefore not damnified by the amendment.

A judgment of divorce, upon the report of a referee, will not be set aside because the motion to confirm the referee's report, made before one judge, was renewed before another, and there is no competent evidence of leave to renew, where, notice of the second motion having been given, the objection was not taken at the time.

The provision of the Code (Code Civ. Proc. § 770), that "in the first judicial district, a motion which elsewhere must be made in court, may be made to a judge out of court, except for a new trial on the merits," applies to a motion to confirm the report of the referee in an action for divorce, made before a judge of this court at chambers.

In an action by a wife against her husband for a separation, an amendment of the complaint was allowed, by which the action was changed to a suit for an absolute divorce. The order allowing the amendment was made more than seven years after the commencement of the action, and without personal notice to the defendant, although the papers upon which the application was made showed that the plaintiff knew of the whereabouts of the defendant, and that he was not in a condition to defend. *Held,* that the amendment was improperly allowed, and was unauthorized either by the provisions of the Code in respect of amendments or under any inherent power of the court, independent of statute, to make amendments in furtherance of justice; and that a decree of divorce granted to the wife upon such amended complaint must be set aside.

As the legislature has prescribed in what cases the court can allow amendments to a pleading, though no negative words are used in the statute, the court is necessarily limited to the cases prescribed by law; although, if there had been no provision in the Code in respect to amendments, the court might have had an inherent power to grant amendments in furtherance of justice. Per VAN BRUNT and LARREMORE, JJ.

If the court, on appeal, is of opinion that a decree of divorce is void, it is its duty, upon giving a hearing to the party to be affected by the action of the court, to set aside the decree upon its own motion, notwithstanding an objection that the attorney appearing for such party has been dismissed by him, and has no right to prosecute the appeal.

APPEAL from an order of this court upon motion to vacate a judgment of divorce.

In September, 1871, the plaintiff commenced this action against the defendant to procure a separation upon the ground of cruel and inhuman treatment, and caused to be served a summons and complaint upon the defendant. This complaint contained the allegations usually found in complaints in actions of this character, viz.: of marriage, residence within the State, that the plaintiff has always conducted herself properly, and that the defendant has been guilty of such cruel and inhuman treatment as to make it improper and unsafe for her to cohabit with him.

On October 30, 1871, the defendant put in his sworn answer, containing the usual defenses in such cases, viz.: admitting marriage, residence, and alleging that it is the defendant that has been cruelly treated, and denying each and every allegation in the complaint not specifically admitted. No further action seems to have been taken in the case until January 5, 1878, when the plaintiff served an affidavit of the plaintiff's and a supplemental or amended complaint and notice of motion for January 7, 1878, for leave to file and serve such complaint. The affidavit of the plaintiff alleges the commencement and nature of the action; that Mr. Van Wyck appeared for defendant and put in an answer; that the issue is pending; that the plaintiff has learned that she can prove certain adulteries committed by the defendant, viz.: on February 12, 1870, at a house of prostitution in Greene street, two doors from Amity, in the city of New York, with some unknown girl, and on September 15, 1876, at No. 40 West Fourth street, with an unknown girl; that she has not cohabited with the defendant, and that the defendant has recently committed a revolting murder and that he is now in jail in Nevada, and that the plaintiff desires to amend her complaint, or file a supplemental complaint setting up these facts. The proposed complaint alleges the foregoing facts.

Upon the return day of the motion Mr. Van Wyck appeared and informed the justice before whom the motion to amend was made, that he wished to protect the interests of his client, but that he was entirely ignorant of his whereabouts, and had neither seen or heard from him since October 30, 1871,

Robertson *v.* Robertson.

and stated further, that he had been retained to defend his client in a suit for separation and did not consider himself authorized to appear in a suit for absolute divorce. The learned justice took the papers upon the motion, and on January 7, 1878, made an order granting the plaintiff leave to serve, within three days from the date of the order, a copy of the proposed amended complaint.

Shortly after the service of this amended complaint, Mr. Van Wyck, of his own motion, and without consultation with the defendant, and at a time when he was wholly ignorant of his whereabouts, put in an unverified answer denying the adulteries charged, &c.

On January 16, 1878, upon a consent to the entry of the order referring the cause, an order of reference was made to a referee selected by the court to hear and determine the issues raised by the pleadings.

On January 19, 1878, a hearing was had before the referee, upon which hearing Mr. Van Wyck appeared for the defendant and cross-examined the witnesses offered by the plaintiff.

Evidence was offered tending to show that a man calling himself Westmore R. Robertson, had been undressed by the witness and put to bed in a house in West Fourth street, with a woman not the plaintiff, in September, 1870, and also that he had carnal connection with another woman, in February, 1870, and September, 1870, with a woman at 59 and 61 Bleecker street. The witness did not know that the person he was testifying about was the husband of the plaintiff. He however recognized a photograph as being the likeness of the man about whom he had testified. The plaintiff was then recalled, and was asked if she recognized the photograph as a representation of her husband. To this question the defendant's counsel objected, upon the ground that she was incompetent to testify to that fact under the law.

This objection was overruled and an exception taken. The witness then testified that she did.

Elizabeth P. J. Gardner was also examined by the plaintiff, and identified the person represented in the photograph as the defendant.

A motion was made before the referee to amend the amended complaint so as to conform pleadings to evidence, by striking out the words, "in Greene street, two doors from Amity street," and insert in place thereof, "59 and 61 Bleecker street," which was granted.

The referee thereupon, under the date of January 25, 1878, made a report in favor of the plaintiff.

On February 11, 1878, another notice was served that a motion would be made before one of the judges of this court at the chambers thereof, on the first Monday of March, 1878, for confirmation of the referee's report and for judgment, and on said first Monday of March, the defendant's attorney not appearing, a judgment of absolute divorce was entered.

During all this time the defendant was confined in the State prison in Nevada upon conviction for an assault with intent to kill.

The plaintiff's attorney swears that the papers were withdrawn from Judge Robinson with his consent.

On February 24, 1878, the plaintiff remarried. The plaintiff states that she was informed by the referee that he had reported in her favor and granted a divorce, and thereupon she married, supposing that it was all right. That subsequently, upon her informing her attorney of the fact, he advised her to be remarried after the entry of the decree. Upon telling this to her husband, he said that all that was requisite to make the marriage legal was that they should introduce each other to their friends as husband and wife, and that they would give a dinner party and do so, which was done.

About October 9, 1878, the defendant's attorney learned that he was in Virginia City, Nevada, and he prepared papers to make a motion to set aside said decree of divorce.

The defendant, in his affidavits, states that he left New York in 1872, and has since resided the most of the time in Nevada; that he has just learned of the decree of divorce and the proceedings by which it was procured; that he is innocent of the adulteries charged; that he has had no communication with his counsel since he left New York city until about the time of making the affidavit, which was November 25, 1878,

Robertson *v.* Robertson.

and that, from statements made to him by the plaintiff, he never supposed that the action for separation would ever be brought before the court, and on that account did not think it necessary to inform his counsel of his whereabouts. That the plaintiff well knew that no communications could reach him, and that he could not be present and defend the charges made against him. Upon this affidavit of the defendant, and other affidavits, an order to show cause was granted, returnable January 9, 1879, requiring the plaintiff to show cause why the default should not be opened, and why the judgment of divorce should not be set aside, among other things on the ground of irregularity, in that the application having been first made therefor to Mr. Justice ROBINSON, the application to another justice was irregular, and this order contained a general prayer for relief.

The plaintiff asserted, in opposing affidavits, her entire good faith and her remarriage.

Upon this motion an order was made, referring it to the same referee to take proofs of the adultery charged in the complaint in this action, and determine whether or not the defendant was guilty of such adultery, upon the condition that if either the referee or the plaintiff should require the personal appearance of the defendant before said referee, and if he did not appear, the motion to set aside the judgment was to be denied. After the referee's report either party to be at liberty to bring on the motion to vacate the judgment.

From this order the defendant duly appealed.

*John E. Burrill,* for appellant.

*John Townshend,* for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—The appellant has urged upon this appeal the following reasons why the motion to set set aside the decree of divorce should have been granted:

1st. Because the affidavit of the service of the summons and complaint is insufficient.

Robertson *v.* Robertson.

2d. Because the referee erred in permitting the plaintiff to testify as to the identity of the photograph.

3d. Because the plaintiff, before the granting of the divorce, had been guilty of adultery.

4th. Because the testimony before the referee was insufficient.

5th. Because the referee allowed the amendment to the complaint.

6th. Because a motion to confirm was made before Judge Robinson, and there is no competent evidence of any leave to renew.

7th. Because the notice of motion for confirmation of report stated that the motion would be made to one of the judges at chambers, instead of stating that the application would be made to the court.

8th. Because the court had no power to make the order under which the action was changed from an action for a separation to one of absolute divorce.

9th. Because, even if the court had such power, under the circumstances of the case at bar, the granting the order was an improper exercise thereof.

In respect to the objection that the affidavit of the service of summons and complaint is defective, it is sufficient to say that this is an irregularity which can be remedied at any time by leave of the court, by filing a new affidavit of service, but in this case such a course would hardly be deemed necessary, as the record shows beyond a doubt that the summons and complaint were actually served upon the defendant.

The second objection, that the referee erred in permitting improper testimony, would not form a sufficient ground for setting aside this decree, because there was other testimony which was, if true, sufficient to establish the identity of the defendant.

The third objection, that the plaintiff before the granting of the divorce, had been guilty of adultery, under the circumstances of this case, would have hardly been a sufficient ground to refuse a decree if known to the court at the time the decree was applied for. The adultery was committed entirely inno-

Robertson *v.* Robertson.

cently, the plaintiff believing at the time of her remarriage that she had been legally divorced from the defendant and had a perfect right to remarry. Under such circumstances the discretion of the court ought not to allow such a mistake to militate against the securing of a decree to which the plaintiff would otherwise have been, beyond question, entitled.

The objection that the testimony before the referee was insufficient does not form a ground for setting aside the decree. The sufficiency of the testimony was duly passed upon by the court below, and a decree should not be disturbed after the lapse of several months, unless there was entire failure of evidence.

It may be that the referee erred in allowing the amendment to the complaint, but as the evidence tended to establish the other cause of action mentioned in the amended complaint, the defendant has not been damnified by the amendment.

The sixth objection, that the motion to confirm the referee's report was first made before Judge ROBINSON and there is no competent evidence of a leave to renew, must be overruled, because this is a mere irregularity, and as due notice of the motion was given, the objection should then have been taken and not allowed to remain until months after judgment.

The seventh objection, that the notice of motion for confirmation of the referee's report stated that the motion would be made to one of the judges of the court at chambers, instead of stating that the application would be made to the court, would have been fatal to the decree if the venue of the action had been laid in any county of the State except the county of New York. An application to a judge at chambers is not an application to the court, but section 770 of the present Code provides that: "in the first judicial district, a motion which elsewhere must be made in court, may be made to a judge out of court, except for a new trial on the merits." This section makes the application for confirmation to a judge at chambers just as regular as though it had been made to the judge while holding a special term of the court. The failure to comply with rule 83 was a mere irregularity which in no way affected the jurisdiction of the court.

The eighth objection, that the court had no power to make the order allowing the service of the amended complaint, seems to me to be entirely fatal to the decree in this action.

It must be conceded that, under section 542 of the present Code, within twenty days after the service of a complaint the plaintiff may amend it of course and allege an entirely new cause of action, because this section contains no restriction as to the nature of the amendments. The only other section of the Code authorizing the court to allow amendments is as follows :

"§ 723. The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved. And, in every stage of the action, the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party."

This section says that the court may upon the trial or at any other stage of the action, amend any process, pleading, &c., in what respect ? By adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case ; or, where the amendment does not change substantially the claim or defense, by conforming the pleadings or other proceeding to the facts proved.

It is very apparent that this section gave no authority to the court to change the present action from one for separation to one for an absolute divorce. The clause allowing an amendment by inserting an allegation material to the case, does not provide for the case at bar, because this provision undoubtedly applies to the insertion of an allegation material to the cause of action attempted to be set out in the complaint, and can have

no relevancy to an entirely new cause of action, which was never dreamed of at the time of the commencement of the suit. Nor can such an amendment be called the correcting a mistake, because the allegations tending to establish a cause of action for separation could not have been inserted by mistake for those for absolute divorce contained in the amended complaint.

The action for absolute divorce is entirely different in every respect from an action for a separation. They have no relation one to the other, and proceed under entirely different divisions of the statute law. If an amendment of this kind can be allowed, then an action for specific performance can be amended into an action for absolute divorce.

The authorities which have been cited by the plaintiff's counsel as precedents for this order are the cases of *Brown* v. *Leigh* (49 N. Y. 78), and *Troy & Boston R. R. Co.* v. *Tibbitts* (11 How. Pr. 170). The former case does not meet the question, as all that that case decides is that under section 172 of the old Code, and section 542 of the new Code, which allows amendments of course within twenty days after service of a pleading, a new cause of action may be set up by way of amendment. It is true that the opinion contains a dictum as to the interpretation of section 173, but it nowhere considers the restrictions expressly made to the power of amendment in section 173, where such amendments are not make upon the trial. In the case of *Troy & Boston R. R. Co.* v. *Tibbits* (11 How. Pr. 170), which was a special term decision, no such question was involved. The learned judge expressly states as a ground of allowing the amendment asked for, that the subject-matter of the action would remain the same notwithstanding the amendment. It is true that he says that there is now no restriction upon the power of the court to allow amendments, even though the effect be to change entirely the cause of action or the grounds of defense, but this statement was not required for the determination of the motion before him and therefore is of no authority whatever.

In the case of *Ford* v. *Ford* (53 Barb. 526), which was a special term decision, Mr. Justice JAMES uses this language:

" Before the Code this court possessed and exercised the power
of allowing amendments to pleadings upon the application of
either party; a new cause of action, or a new defense, was often
allowed by amendment.    It was a power necessary to the admin-
istration of justice ; and the permission for its exercise was ob-
tained by application to the special term, upon notice."

That this language was loosely used is perfectly apparent
when we consider his language in criticising the case of *Wood-
ruff* v. *Dickie* (31 How. 164).    He then says :  " That portion
of the opinion in *Woodruff* v. *Dickie* (31 How. Pr. 164),
which asserts, ' that the courts never claimed the power, either
at common law or under any previous statutes, to allow an
amendment to an existing pleading by the insertion of a new
and different cause of action or defense,' is unsound.    It is
true, courts never claimed the power of substituting one kind
of action for another by amendment, as tort for assumpsit, or
*vice versa ;* but the power to add another cause of action of the
same nature, or another defense that went to defeat the action,
was  always  claimed,  although  permission . was  not  always
granted."

Here he expressly limits the power of amendments to the
addition of a new cause of action *of the same nature*, which is
very different from changing entirely the whole scope of the
action.

The   learned   justice   then  cites  the   case  of  the   *Union
Bank* v. *Mott* (19 How. Pr. 267), and says :  " I  therefore
repeat that, independent of the Code, this court at special term
on motion, at any *time before verdict*, has the power to allow
amendments to pleadings, by permitting the insertion of a new
cause of action, or new defense," and cites *Beardsley* v. *Stover*,
(7 How. Pr. 294), and *Harrington* v. *Slade* (22 Barb. 161),
both of which cases related to amendments setting up new de-
fenses, which is very different from an amendment setting up a
new cause of action in a complaint.    Every defense to the cause
of action set forth by the complaint may be material, and an alle-
gation setting up a defense, may be an allegation material to
the case as set forth in the complaint.

In the case of *Woodruff* v. *Dickie* (31 How. Pr. 164), which

Robertson *v.* Robertson.

is a general term decision of our superior court, the question is discussed, and it is stated that the court has no power to amend by the insertion of facts constituting a new cause of action, but in that case the question was not at all involved.

In the case of *Van Syckels* v. *Perry* (3 Robertson, 621), it is stated that an amendment cannot be allowed, the effect of which would be to introduce a new cause of action, but this question was not involved, as the object of the amendment in that case was to add a new party.

In *Wright* v. *Storms* (3 Code R. 138,) there is a dictum to the same effect.

In the case of *Diamond* v. *Williamsburgh Ins. Co.* (4 Daly, 494), Chief Justice DALY reviews the history of the law of amendment at great length, in a learned and able opinion, and from the authorities deduces this rule as prevailing before our statutes : that the defendant will be allowed to amend his plea at a stage of the case when the plaintiff would not be allowed to amend his declaration : and that the Code has not changed the law in that respect. And in that case it is held that the court may at any time before the trial allow the defendant to amend his answer by setting up a new defense. A new defense is certainly material to the case made by the plaintiff, as it may defeat any recovery by her. Not so a new cause of action, which has no relation to the one already set forth. The plaintiff may bring a new action for that cause.

There is no case which is an authority upon this question. It does not seem to be questioned that under the provisions of the Code, the court has no power to allow an amendment to a complaint which substitutes one cause of action for another, but it seems to be inferred that the court has some power of amendment independent of the Code. It would probably be true, if there had been no provision in the Code in respect to amendments, that the court might have had an inherent power to grant amendments in furtherance of justice, but when the legislature have prescribed in what cases the court can allow amendments to a pleading, although no negative words are used in the statute, the court is necessarily limited to the cases prescribed by law.

The act of the legislature is the expression of the legislative will, and is a conferring of a power upon the court, and excludes the right of the court to act under the assumption of an inherent power which might have been resorted to, if there had been no legislative action upon the subject.

Suppose a plaintiff had commenced an action upon one cause, and he subsequently finds out that he had another cause of action, against which, at the time he discovered its existence, the statute of limitations had run. Can it be that the court would have the power under the fiction of an amendment to the complaint in the action pending, to add the new cause of action, and deprive the defendant of the plea of the statute of limitation? I say, clearly not, and yet all this must be conceded, if it is to be held that the court can amend by adding new causes of action.

I am of the opinion therefore, that the court had no power to allow an amendment to the complaint which is the foundation of the decree in this action, and that the decree is void, and should be set aside.

The only remaining question is the one raised, that the defendant has dismissed his attorney, and that his attorney has no right to prosecute this appeal.

This would be undoubtedly true in an ordinary action, but actions of divorce are peculiar, in that the court of its own motion is bound in actions of this character to see that there is no collusion, fraud or irregularity in the proceedings. If the court is of the opinion that a decree of divorce is void, it is its duty, upon giving a hearing to the party to be affected by the action of the court, to set aside the decree upon its own motion, rather than leave such a decree upon its files, to be hereafter, because of its nullity, the source of the grossest injustice to parties not now in existence.

The parties cannot, by any arrangement, collusive or otherwise, deprive the court of this power or prevent it from exercising this duty.

But even if the court had the power to grant the motion for amendment, no such amendment could be allowed as was made in the case at bar. To allow a complaint to be changed

Robertson *v.* Robertson.

from an action for separation to an action for absolute divorce seven years after the commencement of the action, and that too without any personal notice to the defendant, and while the papers upon which the application is founded show that he was not in a condition to defend, seems to be an amendment not in the furtherance of justice.

If the plaintiff had a cause of action for absolute divorce there was no hardship in compelling her to bring her action for that purpose after the service of the summons and complaint.

It appeared by the papers upon which the application was made that the plaintiff knew of the whereabouts of the defendant, and he certainly should have had notice of the charges made against him. The cases cited by the learned chief justice in the case of *Diamond* v. *The Williamsburgh Ins. Co.,* *supra,* show conclusively that such an amendment should never have been granted. His attorney of record disclaimed any right or authority to appear in such a case, as he undoubtedly had not; and as he was ignorant of the whereabouts of the defendant, he had no means of notifying him of what was being done. By this means a decree was obtained against the defendant without the slightest opportunity for him to be heard as to the same.

The sanctioning of such a precedent as would be established in this case if this decree should be allowed to stand would be but the beginning of the greatest abuses. If a party desires to obtain relief in an action entirely different from that sought for in an action already begun, let a new action be commenced by the service of process upon the defendant, who then will have notice of the new claims made against him.

A party should not be allowed, by commencing an action for one form of relief, to lull the defendant into security, and then when he is out of the way, without any notice to him, to change entirely the cause of action and obtain relief which is in no way foreshadowed by the action as began. The order appealed from should be reversed and an order made vacating the decree of divorce entered herein, with costs of motion, and costs and disbursements on appeal.

CHARLES P. DALY, Chief Justice.—I do not concur in the conclusion arrived at by Judge VAN BRUNT, that the power of the court to allow amendments, is necessarily limited to the cases prescribed by the Code; but, as the examination of that question would involve a somewhat lengthened discussion, and a review of the authorities, I do not propose to go into it, as I agree that the amendment in this case should not have been allowed ; and that, in view of the nature and effect of it, the judgment founded upon it should be reversed.

There was, as I have shown by the authorities I have reviewed, in *Diamond* v. *Williamsburgh Ins. Co.* (4 Daly, 494), a clearly marked distinction, between an amendment, changing the nature of the action, and an amendment, allowing the defendant to set up an additional or different defense, for the reason that the plaintiff, if he had misconceived his action, could sue over again ; whereas the defendant had to avail himself of his defense or defenses, whatever they might be, and the defendant, therefore, would be allowed to amend his pleading where the plaintiff would not; and at a stage in the action where the plaintiff would not be allowed to amend his declaration at all.

Thus, in *Cope* v. *Marshall* (Sayer, 234), the plaintiff was not allowed to amend his declaration by setting up a new cause of action ; and the reason given by the court was, because the plaintiff might discontinue, and bring a new action ; and consequently, that there was "no necessity to depart from the general rule of law, namely, that an amendment, by which a new right of action would be alleged, ought not to be permitted." But where the time for bringing a new action had expired, and the plaintiff would have failed in his remedy, unless leave were given him to amend, he was allowed to amend, under the particular circumstances of the case (*Bearcroft* v. *The Hundred of Burnham & Stone*, 3 Lev. 347 ; *Executors of the Duke of Marlborough* v. *Witmore*, Sayer, 235 ; Id. Fitzgib. 193). And as a general rule, an amendment adding a new count would not be allowed after more than two terms had elapsed ; although this was afterwards greatly relaxed (see the cases cited in *Diamond* v. *Williamsburgh Ins. Co., supra*) ;

Robertson *v.* Robertson.

and also in respect to allowing amendments modifying or changing the cause of action, under certain restrictions, and where it was obviously in furtherance of justice. But no case that I have ever met with has assumed to carry the power of amendment to the extent that was done in this instance, by allowing the plaintiff, who had brought an action for separation, on the ground of cruel treatment, seven years after an answer was put in by the husband denying the alleged ill-treatment, and when no steps had been taken by her during that long interval to bring the action to trial, to convert the action, by amendment, into one for a divorce upon the ground of adultery, especially where the defendant's attorney, who appeared upon the motion to protect his client's rights, informed the court that he did not know where the defendant was; that he had not heard from him for more than six years; that he was retained by him only to defend the suit for a separation, and that he had no authority to appear for him in an action for divorce on the ground of adultery.

I have had occasion to examine, somewhat extensively, the decisions as to the power of the court to allow amendments, from a very early period, and think I can say confidently, that there is no authority or precedent to warrant or even give countenance to the exercise of the power of amendment to the extent that was allowed in this case; and an illustration of the impropriety of such an extreme exercise of discretion is found in the facts subsequently disclosed, that when this application was made, the attorney who, to protect his client's interests, put in an unverified answer to the action as amended, when he put in the answer, and during the whole progress of the trial, and up to and after the entry of the judgment, knew nothing of his client's whereabouts; whereas the plaintiff and her attorney knew while these proceedings were going on that he was confined in a state prison in Nevada, upon a conviction for an assault with attempt to kill, from which imprisonment, after a confinement of thirteen months, he was discharged by a pardon, asked for from the authorities by the judge and district attorney by whom he was tried. It further appeared, by the defendant's deposition, that he left this city in 1872, and resided

chiefly thereafter in Nevada; that from statements made to him by the plaintiff's counsel, he never supposed that the action for separation would be brought to trial, and therefore did not communicate the place of his residence to his attorney ; that he knew nothing of what had taken place until about six months after the judgment for divorce *a vinculo* had been entered; which is coupled with a positive denial by him under oath that he was guilty of the adultery wherewith he was charged.   I agree therefore that the order allowing this amendment should be reversed, and all the proceedings founded upon it.

LARREMORE, J., concurred in the opinion of VAN BRUNT, J.

---

* An appeal from the order entered upon this decision was dismissed by the court of appeals, June 8th, 1880.   See 83 N. Y. 639.